No. 22-30180

# In the United States Court of Appeals for the Fifth Circuit

BRIAN MCNEAL,
*Plaintiff – Appellee*

v.

JAMES LEBLANC,
*Defendant – Appellant*

_____

On Appeal from the United States District Court
for the Middle District of Louisiana
3:18-cv-736

_____

**DEFENDANT-APPELLANT'S RECORD EXCERPTS**

_____

JEFF LANDRY
Attorney General of Louisiana

OFFICE OF THE ATTORNEY GENERAL
909 Poydras Street, Suite 1850
New Orleans, LA 70112
Telephone: 225-938-0779

ELIZABETH MURRILL
Solicitor General

SHAE MCPHEE
Deputy Solicitor General
mcphees@ag.louisiana.gov

ANDRÉ CASTAING
PHYLLIS GLAZER
Assistant Attorneys General

*Counsel for Appellant*

# TABLE OF CONTENTS

Tab #      Document Title                              ROA #

1          Docket Sheet                                ROA.1-16

2          Ruling and Order (February 18, 2020)        ROA.519-542

3          Order on Motion to Dismiss Plaintiff's      ROA.989
           Second Amended Complaint
           (March 31, 2022)

4          Notice of Appeal                            ROA.990

5          Ruling and Order (April 18, 2022)           ROA.992-1011

6          Amended Notice of Appeal                    ROA.1012

           Certificate of Service

TAB 1

# U.S. District Court
# Middle District of Louisiana (Baton Rouge)
# CIVIL DOCKET FOR CASE #: 3:18-cv-00736-JWD-EWD

McNeal v. Louisiana Department of Public Safety & Corrections et al

Assigned to: Judge John W. deGravelles

Referred to: Magistrate Judge Erin Wilder-Doomes

Related Case:  3:20-cv-00312-JWD-EWD

 Case in other court:  5th Circuit Court of Appeals, 22-30180

                          Nineteenth Judicial District Court, 670633

Cause: 42:1983 Civil Rights Act

Date Filed: 08/02/2018

Date Terminated: 04/22/2022

Jury Demand: Both

Nature of Suit: 550 Prisoner: Civil Rights

Jurisdiction: Federal Question

**Plaintiff**

**Brian McNeal**                                          represented by     **William Brock Most**
Law Office of William Most
201 St. Charles Ave
Suite 114 #101
New Orleans, LA 70170
(650) 465-5023
Email: williammost@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amy E. Newsom**
Newsom Law Firm, LLC
4224 Bluebonnet Blvd
Suite B
Baton Rouge, LA 70809
225-761-8000
Fax: 225-761-8200
Email: amy@aenlaw.com
*TERMINATED: 05/20/2019*
*ATTORNEY TO BE NOTICED*

**Sarah Chervinsky**
The Chervinsky Law Firm
1820 Saint Charles Ave
Ste 212
New Orleans, LA 70130
617-694-1777
Email: chervinskylaw@gmail.com
*TERMINATED: 10/26/2020*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Louisiana Department of Public Safety &**
**Corrections**
*TERMINATED: 12/02/2020*

represented by **James Garrison Evans**
Louisiana Department of Justice
1885 North Third Street
P.O. Box 94005
Baton Rouge, LA 70802
225-326-6360
Email: evansj@ag.louisiana.gov
*TERMINATED: 01/14/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Phyllis Esther Glazer**
Louisiana Department of Justice
Office of the Attorney General
1885 North Third Street
Ste 4th Floor
Baton Rouge, LA 70802
225-326-6300
Email: glazerp@ag.louisiana.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**James LeBlanc**

represented by **James Garrison Evans**
(See above for address)
*TERMINATED: 01/14/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Phyllis Esther Glazer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Tim Hooper**
*TERMINATED: 03/20/2020*

represented by **James Garrison Evans**
(See above for address)
*TERMINATED: 01/14/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Phyllis Esther Glazer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Robin Milligen**
*TERMINATED: 03/20/2020*

represented by **James Garrison Evans**
(See above for address)
*TERMINATED: 01/14/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Phyllis Esther Glazer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Unknown Does 1-10**
*TERMINATED: 03/20/2020*

**Defendant**

**ABC Insurance Companies**
*TERMINATED: 03/20/2020*

**Defendant**

**Breunkia Collins**                    represented by  **Phyllis Esther Glazer**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/02/2018 | 1 (p.17) | NOTICE OF REMOVAL from Nineteenth Judicial District Court, Case Number 670633. (Filing fee $ 400 receipt number ALAMDC-1809260), filed by Tim Hooper, James LeBlanc, Louisiana Department of Public Safety & Corrections, Robin Milligan. (Attachments: # 1 (p.17) Exhibit 1 - Civil Cover Sheet, # 2 (p.37) Exhibit 2 - Petition, # 3 Exhibit 3 - Citations and Returns)(Evans, James) Modified on 8/2/2018 to flatten attachment 1 (SGO). Modified on 8/6/2018 to replace main document as per rec doc 3 (KAH). (Entered: 08/02/2018) |
| 08/02/2018 | 2 (p.37) | MOTION to Substitute Notice of Removal by Tim Hooper, James LeBlanc, Louisiana Department of Public Safety & Corrections, Robin Milligan. (Attachments: # 1 (p.17) Attachment Proposed Order, # 2 (p.37) Attachment Notice of Removal (Amended))(Evans, James) (Entered: 08/02/2018) |
| 08/02/2018 |  | MOTION(S) REFERRED: 2 (p.37) MOTION to Substitute Notice of Removal . This motion is now pending before the USMJ. (SGO) (Entered: 08/02/2018) |
| 08/03/2018 | 3 | ORDER granting 2 (p.37) MOTION to Substitute 1 (p.17) Notice of Removal. The clerk's office is directed to replace R. Doc. 1 with R. Doc. 2-2. Signed by Magistrate Judge Erin Wilder-Doomes on 8/3/2018. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (BLR) (Entered: 08/03/2018) |
| 08/09/2018 | 4 (p.45) | ANSWER to Complaint with Jury Demand by Tim Hooper, James LeBlanc, Louisiana Department of Public Safety & Corrections, Robin Milligan.(Evans, James) (Entered: 08/09/2018) |
| 08/13/2018 | 5 (p.60) | SCHEDULING CONFERENCE ORDER: Scheduling Conference set for 10/18/2018 at 09:30 AM in chambers before Magistrate Judge Erin Wilder-Doomes. Status Report due by 10/4/2018. Signed by Magistrate Judge Erin Wilder-Doomes on 8/10/2018. (LLH) (Entered: 08/13/2018) |

| | | |
|---|---|---|
| 10/04/2018 | 6 (p.70) | STATUS REPORT by Brian McNeal. (Most, William) Modified on 10/4/2018 to edit text (SGO). (Entered: 10/04/2018) |
| 10/11/2018 | 7 | Notice to Counsel: The Scheduling Conference set for 10/18/2018 is CANCELED. The court will issue a separate scheduling order. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (BLR) (Entered: 10/11/2018) |
| 10/31/2018 | 8 (p.78) | SCHEDULING ORDER: In accordance with FRCP 16(b), the following discovery deadlines are established. Amended Pleadings due by 12/3/2018. Discovery due by 5/1/2019. Plaintiff's Expert Witness List due by 5/3/2019. Defendant's Expert Witness List due by 5/31/2019. Plaintiff's Expert Reports due by 5/31/2019. Defendant's Expert Reports due by 6/28/2019. Discovery from Experts due by 8/2/2019. Motions shall be filed by 9/2/2019. Proposed Pretrial Order due by 12/23/2019. Pretrial Conference set for 1/9/2020 at 01:00 PM in chambers before Judge John W. deGravelles. Affidavit of Settlement Efforts due by 2/3/2020. Joint jury instructions, voir dire, verdict forms, and trial briefs due by 2/24/2020. Jury Trial set for 3/9/2020 - 3/11/2020 at 09:00 AM in Courtroom 1 before Judge John W. deGravelles. Signed by Magistrate Judge Erin Wilder-Doomes on 10/31/2018. (KAH) (Entered: 10/31/2018) |
| 10/31/2018 | 9 (p.81) | SETTLEMENT CONFERENCE ORDER: Settlement Conference set for 5/21/2019 at 01:30 PM in chambers before Magistrate Judge Erin Wilder-Doomes. Signed by Magistrate Judge Erin Wilder-Doomes on 10/31/2018. (KAH) (Entered: 10/31/2018) |
| 04/24/2019 | 10 (p.85) | Joint MOTION for Extension of Discovery Deadlines *(Fact)* by Tim Hooper, James LeBlanc, Louisiana Department of Public Safety & Corrections, Robin Milligan. (Attachments: # 1 (p.17) Attachment Proposed Order)(Evans, James) (Entered: 04/24/2019) |
| 04/25/2019 | | MOTION(S) REFERRED: 10 (p.85) Joint MOTION for Extension of Discovery Deadlines *(Fact)*. This motion is now pending before the USMJ. (ELW) (Entered: 04/25/2019) |
| 04/29/2019 | 11 (p.89) | ORDER granting 10 (p.85) Motion to Extend the Fact Discovery Deadline. The previously issued scheduling order is hereby amended as follows: Discovery due by 6/7/2019. Signed by Magistrate Judge Erin Wilder-Doomes on 4/29/2019. (KAH) (Entered: 04/29/2019) |
| 05/01/2019 | 12 (p.92) | MOTION for Partial Summary Judgment *on False Imprisonment Claim* by Brian McNeal. (Attachments: # 1 (p.17) Memorandum in Support, # 2 (p.37) Statement of Undisputed Facts, # 3 (p.45) Exhibit A (DOC RFA Responses), # 4 (p.45) Exhibit B (DOC Interr. Responses), # 5 (p.60) Exhibit C (Letter to Warden Hooper), # 6 (p.70) Exhibit D (P&P Narrative Reports), # 7 Exhibit E (Release Letter), # 8 (p.78) Exhibit F (Master Prison Record), # 9 (p.81) Exhibit G (Court Minutes))(Most, William) (Entered: 05/01/2019) |
| 05/02/2019 | 13 | NOTICE of Briefing Schedule on 12 (p.92) MOTION for Partial Summary Judgment *on False Imprisonment Claim* : Opposition to the motion shall be filed within 21 days from the filing of the motion and shall not exceed 10 pages excluding attachments. The mover may file a reply brief within 14 days of the filing of the opposition and shall be limited to a total of 5 pages. No motion for leave will be required. Sur-Reply briefs shall be permitted only with leave of Court for extraordinary reasons supported by sufficient facts. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (KDC) |

| | | |
|---|---|---|
| | | (Entered: 05/02/2019) |
| 05/03/2019 | 14 (p.154) | MOTION for Leave to have Filed More than 25 Requests for Admission by Brian McNeal. (Attachments: # 1 (p.17) Memorandum in Support, # 2 (p.37) Proposed Order, # 3 Exhibit A, # 4 (p.45) Exhibit B, # 5 (p.60) Exhibit C, # 6 (p.70) Exhibit D)(Most, William) (Entered: 05/03/2019) |
| 05/06/2019 | | MOTION(S) REFERRED: 14 (p.154) MOTION for Leave to have Filed More than 25 Requests for Admission . This motion is now pending before the USMJ. (KAH) (Entered: 05/06/2019) |
| 05/06/2019 | 15 (p.184) | Letter dated 5/3/2019 from James Evans to Judge Wilder-Doomes Re: unopposed request to cancel settlement conference. (BLR) (Entered: 05/06/2019) |
| 05/06/2019 | 16 | Notice to Counsel: In light of correspondence to the court, the Settlement Conference set for 5/21/2019 is CANCELED. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (BLR) (Entered: 05/06/2019) |
| 05/13/2019 | 17 (p.185) | First MOTION for Summary Judgment by Tim Hooper, James LeBlanc, Louisiana Department of Public Safety & Corrections, Robin Milligan. (Attachments: # 1 (p.17) Memorandum in Support, # 2 (p.37) Statement of Undisputed Facts, # 3 Exhibit 1 - Responses to Discovery, # 4 (p.45) Exhibit 2 - ARP Affidavit)(Evans, James) (Entered: 05/13/2019) |
| 05/14/2019 | 18 | NOTICE of Briefing Schedule on 17 (p.185) First MOTION for Summary Judgment : Opposition to the motion shall be filed within 21 days from the filing of the motion and shall not exceed 10 pages excluding attachments. The mover may file a reply brief within 14 days of the filing of the opposition and shall be limited to a total of 5 pages. No motion for leave will be required. Sur-Reply briefs will be permitted only with leave of Court for extraordinary reasons supported by sufficient facts. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (KDC) (Entered: 05/14/2019) |
| 05/17/2019 | 19 (p.216) | MOTION for Amy Newsom to Withdraw as Attorney by All Plaintiffs. (Attachments: # 1 (p.17) Attachment Proposed Order)(Newsom, Amy) (Entered: 05/17/2019) |
| 05/20/2019 | | MOTION(S) REFERRED: 19 (p.216) MOTION for Amy Newsom to Withdraw as Attorney . This motion is now pending before the USMJ. (KMW) (Entered: 05/20/2019) |
| 05/20/2019 | 20 | ORDER granting 19 (p.216) Motion to Withdraw Attorney Amy E. Newsom as Attorney. Signed by Magistrate Judge Erin Wilder-Doomes on 5/20/2019. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (BLR) (Entered: 05/20/2019) |
| 05/22/2019 | 21 (p.219) | MEMORANDUM in Opposition to 12 (p.92) MOTION for Partial Summary Judgment *on False Imprisonment Claim* filed by Tim Hooper, James LeBlanc, Louisiana Department of Public Safety & Corrections, Robin Milligan. (Attachments: # 1 (p.17) Statement of Undisputed Facts)(Evans, James) (Entered: 05/22/2019) |
| 05/24/2019 | 22 (p.227) | MEMORANDUM in Opposition to 14 (p.154) MOTION for Leave to have Filed More than 25 Requests for Admission filed by Tim Hooper, James LeBlanc, Louisiana Department of Public Safety & Corrections, Robin Milligan. |

| | | |
|---|---|---|
| | | (Attachments: # 1 (p.17) Exhibit 1 - Deposition Notice of James LeBlanc, # 2 (p.37) Exhibit 2 - Consolidated 30(b)(6) Deposition Notice, # 3 Exhibit 3 - McNeal 30(b)(6) Deposition Notice)(Evans, James) (Entered: 05/24/2019) |
| 05/28/2019 | 23 | NOTICE OF TELEPHONE CONFERENCE: IT IS ORDERED that a telephone conference is set for Thursday, May 30, 2019 at 10:00 a.m. before Magistrate Judge Erin Wilder-Doomes to discuss the 14 (p.154) Motion for Leave to File More Than 25 Requests for Admission, filed by Plaintiff Brian McNeal. Counsel participating in the Conference shall call 877-336-1839 using access code 9565780 five minutes prior to the conference. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.)(BLR) (Entered: 05/28/2019) |
| 05/28/2019 | 24 (p.241) | MEMORANDUM in Opposition to 17 (p.185) First MOTION for Summary Judgment filed by Brian McNeal. (Attachments: # 1 (p.17) Statement of Undisputed Facts, # 2 (p.37) Exhibit A (Letter from McNeal to Warden))(Most, William) (Entered: 05/28/2019) |
| 05/28/2019 | 25 (p.253) | REPLY to 21 (p.219) Memorandum in Opposition to Motion, 12 (p.92) MOTION for Partial Summary Judgment *on False Imprisonment Claim* filed by Brian McNeal. (Attachments: # 1 (p.17) Exhibit A (Letter from McNeal to Warden))(Most, William) (Entered: 05/28/2019) |
| 05/29/2019 | 26 (p.261) | MOTION for Leave to File Supplement regarding Heck v. Humphrey by Brian McNeal. (Attachments: # 1 (p.17) Memorandum in Support, # 2 (p.37) Proposed Pleading; (Supplement regarding Heck v. Humprhey), # 3 Proposed Order)(Most, William) (Entered: 05/29/2019) |
| 05/30/2019 | 27 (p.268) | ORDER granting 26 (p.261) MOTION for Leave to File Supplement regarding Heck v. Humphrey filed by Brian McNeal. Signed by Judge John W. deGravelles on 5/30/2019. (SWE) (Entered: 05/30/2019) |
| 05/30/2019 | 28 (p.269) | SUPPLEMENT Regarding *Heck v. Humphrey* to 24 (p.241) MEMORANDUM in Opposition to 17 (p.185) First MOTION for Summary Judgment filed by Brian McNeal. (SWE) Modified on 5/30/2019 to edit the text(SWE). (Entered: 05/30/2019) |
| 05/30/2019 | 29 (p.272) | Minute Entry for proceedings held before Magistrate Judge Erin Wilder-Doomes: Telephone Conference held on 5/30/2019 regarding 14 (p.154) MOTION for Leave to have Filed More than 25 Requests for Admission. The 14 (p.154) MOTION is GRANTED IN PART and DENIED as set forth herein. (SWE) (Entered: 05/31/2019) |
| 05/30/2019 | 30 | ORAL ORDER: The 14 (p.154) MOTION for Leave to have Filed More than 25 Requests for Admission is GRANTED IN PART AND DENIED as set forth herein. Signed by Magistrate Judge Erin Wilder-Doomes on 5/30/2019. (SWE) (Entered: 06/03/2019) |
| 06/03/2019 | 31 (p.275) | MOTION to Compel *Response to RFP No. 28* by Brian McNeal. (Attachments: # 1 (p.17) Memorandum in Support, # 2 (p.37) Proposed Order, # 3 Exhibit A (RFPs), # 4 (p.45) Exhibit B (Response to RFPs), # 5 (p.60) Exhibit C (Dec. of William Most), # 6 (p.70) Exhibit D (2012 DOC Internal Investigation))(Most, William) (Entered: 06/03/2019) |
| 06/04/2019 | | MOTION(S) REFERRED: 31 (p.275) MOTION to Compel *Response to RFP No. 28*. This motion is now pending before the USMJ. (KMW) (Entered: 06/04/2019) |

| | | |
|---|---|---|
| 06/04/2019 | 32 | NOTICE of TELEPHONE CONFERENCE: IT IS ORDERED that a telephone conference is set for June 7, 2019 at 1:00 p.m. before Magistrate Judge Erin Wilder-Doomes to discuss the 31 (p.275) Motion to Compel Response to RFP No. 28 filed by Plaintiff Brian McNeal. Counsel participating in the Conference shall call 877-336-1839 using access code 9565780 five minutes prior to the conference.(This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.)Telephone Conference set for 6/7/2019 at 01:00 PM before Magistrate Judge Erin Wilder-Doomes. (BLR) (Entered: 06/04/2019) |
| 06/04/2019 | 33 (p.347) | MOTION for Leave to File First Amended Complaint by Brian McNeal. (Attachments: # 1 (p.17) Memorandum in Support, # 2 (p.37) Proposed Pleading;, # 3 Exhibit A (Dec. of William Most), # 4 (p.45) Proposed Order)(Most, William) (Entered: 06/04/2019) |
| 06/05/2019 | | MOTION(S) REFERRED: 33 (p.347) MOTION for Leave to File First Amended Complaint . This motion is now pending before the USMJ. (SWE) (Entered: 06/05/2019) |
| 06/07/2019 | 37 (p.395) | Telephone Conference Report and Order for proceedings held before Magistrate Judge Erin Wilder-Doomes: Telephone Conference held on 6/7/2019. The parties advised that they should be able to reach an agreement regarding production of the information sought by RFP No. 28, including production of redacted confidential prisoner information and/or production of confidential prisoner information pursuant to a protective order. DENIED AS MOOT 31 (p.275) Motion to Compel Response to RFP No. 28. (EDC) Modified on 6/12/2019 to correct date filed. (EDC). (Entered: 06/12/2019) |
| 06/07/2019 | 38 | ORAL ORDER denying as moot 31 (p.275) Motion to Compel. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (EDC) (Entered: 06/12/2019) |
| 06/10/2019 | 34 (p.370) | MOTION for Leave to File Excess Pages by Tim Hooper, James LeBlanc, Louisiana Department of Public Safety & Corrections, Robin Milligan. (Attachments: # 1 (p.17) Memorandum in Support, # 2 (p.37) Attachment Proposed Order, # 3 Attachment Proposed Reply)(Evans, James) (Entered: 06/10/2019) |
| 06/11/2019 | 35 (p.385) | ORDER granting 34 (p.370) MOTION for Leave to File Excess Pages. The Clerk of Court is hereby directed to file the defendants' Reply to Plaintiffs Opposition to Summary Judgment into the record of this matter. Signed by Judge John W. deGravelles on 6/11/2019. (KAH) (Entered: 06/11/2019) |
| 06/11/2019 | 36 (p.386) | REPLY to 24 (p.241) Memorandum in Opposition to 17 (p.185) MOTION for Summary Judgment filed by Robin Milligan. (KAH) (Entered: 06/11/2019) |
| 06/25/2019 | 39 (p.397) | MEMORANDUM in Opposition to 33 (p.347) MOTION for Leave to File First Amended Complaint filed by Tim Hooper, James LeBlanc, Louisiana Department of Public Safety & Corrections, Robin Milligan. (Evans, James) (Entered: 06/25/2019) |
| 08/29/2019 | 40 (p.405) | Joint MOTION to Extend the Dispositive Motion Deadlines by Tim Hooper, James LeBlanc, Louisiana Department of Public Safety & Corrections, Robin Milligan. (Attachments: # 1 (p.17) Attachment Proposed Order)(Evans, James) Modified on 8/30/2019 to edit the docket text (KMW). (Entered: 08/29/2019) |
| 08/30/2019 | | MOTION(S) REFERRED: 40 (p.405) Joint MOTION for Extension of Discovery Deadlines *(Dispositive Motion Deadline)*. This motion is now pending before the |

| | | |
|---|---|---|
| | | USMJ. (KMW) (Entered: 08/30/2019) |
| 11/05/2019 | 41 (p.409) | MOTION for Leave to File Supplement to Plaintiff's Summary Judgment Briefing by Brian McNeal. (Attachments: # 1 (p.17) Memorandum in Support, # 2 (p.37) Proposed Order, # 3 Proposed Pleading; (Supplement), # 4 (p.45) Exhibit A (Feldman Opinion), # 5 (p.60) Exhibit B (Guidry Opinion))(Most, William) (Entered: 11/05/2019) |
| 11/05/2019 | 42 (p.436) | REQUEST for Oral Argument on 17 (p.185) First MOTION for Summary Judgment , 12 (p.92) MOTION for Partial Summary Judgment *on False Imprisonment Claim* by Brian McNeal. (Most, William) Modified on 11/6/2019 to edit text (LT). (Entered: 11/05/2019) |
| 11/06/2019 | 43 (p.437) | ORDER granting 41 (p.409) MOTION for Leave to File Supplement to Plaintiff's Summary Judgment Briefing filed by Brian McNeal. Signed by Judge John W. deGravelles on 11/6/2019. (SWE) (Entered: 11/06/2019) |
| 11/06/2019 | 44 | ORDER granting 42 (p.436) Motion for Oral Argument. Oral Argument on 17 (p.185) First MOTION for Summary Judgment and 12 (p.92) MOTION for Partial Summary Judgment *on False Imprisonment Claim* is set for 1/9/2020 at 1:00 PM in Courtroom 1 before Judge John W. deGravelles. Signed by Judge John W. deGravelles on 11/006/2019. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (KDC) (Entered: 11/06/2019) |
| 11/06/2019 | 45 (p.438) | SUPPLEMENT to Plaintiff's Briefing on Summary Judgment by Brian McNeal re 12 (p.92) MOTION for Partial Summary Judgment *on False Imprisonment Claim* (Attachments: # 1 (p.17) Exhibit A, # 2 (p.37) Exhibit B)(SWE) (Entered: 11/06/2019) |
| 11/09/2019 | 46 (p.461) | Consent MOTION for Leave to File Second Supplement to Plaintiffs Briefing on Summary Judgment by Brian McNeal. (Attachments: # 1 (p.17) Proposed Order, # 2 (p.37) Proposed Pleading;, # 3 Exhibit A (Order in Thomas v. Gryder))(Most, William) (Entered: 11/09/2019) |
| 11/12/2019 | 47 | ORDER granting 46 (p.461) Consent MOTION for Leave to File Second Supplement to Plaintiffs Briefing on Summary Judgment filed by Brian McNeal. Signed by Judge John W. deGravelles on 11/12/2019. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (KDC) (Entered: 11/12/2019) |
| 11/12/2019 | 48 (p.486) | SECOND SUPPLEMENT to Plaintiff's Briefing on 12 (p.92) MOTION for Partial Summary Judgment *on False Imprisonment Claim* and 17 (p.185) First MOTION for Summary Judgment filed by Brian McNeal. (Attachments: # 1 (p.17) Exhibit A)(SWE) (Entered: 11/13/2019) |
| 12/04/2019 | 49 (p.509) | Joint MOTION to Continue Trial and Pre-Trial Dates by Brian McNeal. (Attachments: # 1 (p.17) Proposed Order)(Most, William) (Entered: 12/04/2019) |
| 12/09/2019 | 50 (p.512) | ORDER granting 49 (p.509) Motion to Continue Proposed Pretrial Order due by 8/3/2020. Jury Trial set for 11/2/2020 through 11/4/2020 at 09:00 AM in Courtroom 1 before Judge John W. deGravelles. Pretrial Conference set for 9/3/2020 at 02:30 PM in chambers before Judge John W. deGravelles. All other dates set within this order. Signed by Judge John W. deGravelles on 12/09/2019. (ELW) (Entered: 12/09/2019) |
| 12/09/2019 | | |

| | | |
|---|---|---|
| | | Set/Reset Hearings: Jury Trial set for 11/2/2020 at 09:00 AM in Courtroom 1 before Judge John W. deGravelles. Jury Trial set for 11/3/2020 at 09:00 AM in Courtroom 1 before Judge John W. deGravelles. Jury Trial set for 11/4/2020 at 09:00 AM in Courtroom 1 before Judge John W. deGravelles. (ELW) (Entered: 12/09/2019) |
| 12/09/2019 | | Set/Reset Hearings: Status Conference before the District Judge set for 11/2/2020 at 08:30 AM in Courtroom 1 before Judge John W. deGravelles. (ELW) (Entered: 12/09/2019) |
| 12/12/2019 | 51 | NOTICE of Hearing on Motion 17 (p.185) First MOTION for Summary Judgment , 12 (p.92) MOTION for Partial Summary Judgment *on False Imprisonment Claim* :Motion Hearing set for 1/9/2020 is continued and reset for 2/20/2020 at 1:30 PM in Courtroom 1 before Judge John W. deGravelles. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (KDC) (Entered: 12/12/2019) |
| 01/08/2020 | 52 (p.514) | MOTION to Substitute Phyllis E. Glazer in place of James G. Evans as Attorney by Tim Hooper, James LeBlanc, Louisiana Department of Public Safety & Corrections, Robin Milligan. (Attachments: # 1 (p.17) Attachment Proposed Order)(Evans, James) (Entered: 01/08/2020) |
| 01/09/2020 | | MOTION(S) REFERRED: 52 (p.514) MOTION to Substitute Phyllis E. Glazer in place of James G. Evans as Attorney . This motion is now pending before the USMJ. (KAH) (Entered: 01/09/2020) |
| 01/09/2020 | 53 (p.517) | Consent MOTION to Continue Summary Judgment Hearing Date by Brian McNeal. (Attachments: # 1 (p.17) Proposed Order)(Most, William) (Entered: 01/09/2020) |
| 01/13/2020 | 54 | ORDER granting 53 (p.517) Motion to Continue Summary Judgment Hearing. Motion Hearing on Plaintiffs MOTION for Partial Summary Judgment on False Imprisonment Claim (Doc. 12) and Defendants' First MOTION for Summary Judgment (Doc. 17)is reset for 4/14/2020 at 9:00 AM in Courtroom 1 before Judge John W. deGravelles. Signed by Judge John W. deGravelles on 01/13/2020. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (KDC) (Entered: 01/13/2020) |
| 01/14/2020 | 55 | ORDER granting 52 (p.514) Motion to Substitute Attorney. Phyllis Esther Glazer for Tim Hooper, James LeBlanc, Louisiana Department of Public Safety & Corrections and for Robin Milligan replacing James G. Evans. Signed by Magistrate Judge Erin Wilder-Doomes on 1/14/2020. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (BLR) (Entered: 01/14/2020) |
| 02/18/2020 | 56 (p.519) | RULING and ORDER granting 12 (p.92) Motion for Partial Summary Judgment and denying 17 (p.185) Motion for Summary Judgment. Signed by Judge John W. deGravelles on 2/18/2020. (EDC) (Entered: 02/18/2020) |
| 02/18/2020 | 57 | Notice to Counsel: In light of the Court's ruling issued herein, the hearings on the motions for summary judgment that were scheduled for 2.20.2020 and 4.14.2020 are canceled. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (KDC) (Entered: 02/18/2020) |
| 03/20/2020 | 58 (p.543) | RULING and ORDER granting in part 33 (p.347) Motion for Leave to File First Amended Complaint. By 3/30/2020, Plaintiff shall file a First Amended Complaint. Denying as moot 40 (p.405) Motion to Extend Discovery Deadlines. A telephone scheduling conference is set for 3/31/2020 at 10:30 a.m. to determine new pretrial |

| | | |
|---|---|---|
| | | deadlines in this matter. All deadlines set by the District Judge on 12/9/2019 remain in effect. The Clerk shall terminate Robin Milligan, Timothy Hooper, the Doe Defendants, and ABC Insurance Agencies. Signed by Magistrate Judge Erin Wilder-Doomes on 3/20/2020. (EDC) Modified on 3/23/2020 to edit text. (EDC). (Entered: 03/20/2020) |
| 03/20/2020 | | Set/Reset Deadlines/Hearings: (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry) Amended Pleadings due by 3/30/2020. Telephone Conference before the Magistrate Judge set for 3/31/2020 at 10:30 AM in chambers before Magistrate Judge Erin Wilder-Doomes. (EDC) (Entered: 03/20/2020) |
| 03/23/2020 | 59 (p.554) | AMENDED COMPLAINT against Brian McNeal, James LeBlanc, Louisiana Department of Public Safety & Corrections, Breunkia Collins, filed by Brian McNeal.(Most, William) (Main Document 59 replaced on 4/13/2020 in accordance with RD 76) (KMW). (Entered: 03/23/2020) |
| 03/27/2020 | 60 (p.566) | MOTION for Partial Dismissal for Lack of Subject Matter Jurisdiction and for Dismissal for Failure to State a Claim Upon Which Relief Can Be Grated by James LeBlanc, Louisiana Department of Public Safety & Corrections. (Attachments: # 1 (p.17) Memorandum in Support)(Glazer, Phyllis) Modified on 3/27/2020 to edit text. (EDC). (Entered: 03/27/2020) |
| 03/30/2020 | 61 | NOTICE of Briefing Schedule on 60 (p.566) MOTION to Dismiss *for Lack of Subject Matter Jurisdiction and for Failure to State a Claim* : Opposition to the motion shall be filed within 21 days from the filing of the motion and shall not exceed 25 pages excluding attachments. The mover may file a reply brief within 14 days of the filing of the opposition and shall be limited to a total of 10 pages. No motion for leave will be required. Sur-Reply briefs will be permitted only with leave of Court for extraordinary reasons supported by sufficient facts. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (KDC) (Entered: 03/30/2020) |
| 03/31/2020 | 62 | Notice to Counsel: A telephone conference was scheduled before Magistrate Judge Erin Wilder-Doomes on March 31, 2020 to discuss pretrial deadlines in light of the recently filed 59 (p.554) Amended Complaint. Counsel did not call in at the designated time. All pretrial deadlines have expired in this case except the ones set by the 50 (p.512) Order Granting Motion to Continue Trial and the briefing deadlines related to the 60 (p.566) Motion for Partial Dismissal. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.)(EWD) (Entered: 03/31/2020) |
| 03/31/2020 | 63 (p.587) | MOTION Fix Dispositive Motion Deadline *or, alternatively, to Reschedule Telephone Conference* by James LeBlanc, Louisiana Department of Public Safety & Corrections. (Attachments: # 1 (p.17) Proposed Order)(Glazer, Phyllis). Added MOTION to Continue on 3/31/2020 (SWE). Modified on 3/31/2020 to edit docket text(SWE). (Entered: 03/31/2020) |
| 03/31/2020 | | MOTION(S) REFERRED: 63 (p.587) MOTION to Fix Dispositive Motion Deadline MOTION to Reschedule Telephone Conference. This motion is now pending before the USMJ. (SWE) (Entered: 03/31/2020) |
| 03/31/2020 | 64 | ORDER granting in part the 63 (p.587) Motion to Fix Dispositive Motion Deadline or, in the Alternative,to reschedule the Telephone Conference. The telephone conference is reset for April 3, 2020 at 10:00 a.m. Counsel participating in the |

| | | |
|---|---|---|
| | | telephone conference shall call 877-336-1839 using access code 9565780 five minutes prior to the conference. Signed by Magistrate Judge Erin Wilder-Doomes on 3/31/2020. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (BLR) (Entered: 03/31/2020) |
| 03/31/2020 | 65 | NOTICE of TELEPHONE CONFERENCE: Counsel participating in the Conference shall call 877-336-1839 using access code 9565780 five minutes prior to conference. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.)Telephone Conference before the Magistrate Judge set for 4/3/2020 at 10:00 AM before Magistrate Judge Erin Wilder-Doomes. (BLR) (Entered: 03/31/2020) |
| 03/31/2020 | 67 (p.593) | Minute Entry/Telephone Conference Report and Order for proceedings held before Magistrate Judge Erin Wilder-Doomes: Telephone Conference held on 3/31/2020. Amended Pleadings due by 4/9/2020. Telephone Conference before the Magistrate Judge set for 4/17/2020 at 10:00 AM before Magistrate Judge Erin Wilder-Doomes. (SWE) (Entered: 04/03/2020) |
| 03/31/2020 | 68 | ORAL ORDER terminating as MOOT 63 (p.587) Motion to Fix Dispositive Motion Deadline or, in the Alternative, to Reschedule the Telephone Conference. Signed by Magistrate Judge Erin Wilder-Doomes on 3/31/2020. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (SWE) Modified on 4/7/2020 to edit file date (SWE). (Entered: 04/03/2020) |
| 04/03/2020 | 66 (p.591) | Ex Parte MOTION to Enroll Sarah Chervinsky as Additional Attorney *and Withdraw Amanda Hass* by Brian McNeal. (Attachments: # 1 (p.17) Proposed Order)(Most, William) (Entered: 04/03/2020) |
| 04/07/2020 | 69 | ORDER granting in part and denying in part 66 (p.591) Ex Parte MOTION to Enroll Sarah Chervinsky as Additional Attorney *and Withdraw Amanda Hass*. The motion is granted and Sarah Chervinsky is hereby enrolled in this matter. The motion is denied without prejudice as to withdrawing Amanda Hass for failure to comply with Local Rule 83(b)(13). Signed by Magistrate Judge Erin Wilder-Doomes on 4/7/2020. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (BLR) (Entered: 04/07/2020) |
| 04/07/2020 | 70 | ORDER Vacating 69 Ex Parte Motion to Enroll Sarah Chervinksy and Withdraw Amanda Hass as Counsel of Record for Plaintiff. Signed by Magistrate Judge Erin Wilder-Doomes on 4/7/2020. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.)(BLR) (Entered: 04/07/2020) |
| 04/07/2020 | 71 | ORDER denying 66 (p.591) Ex Parte MOTION to Enroll Sarah Chervinksy as Additional Attorney and Withdraw Amanda Hass for failure to comply with Local Rules 83(b)(1) and 83(b)(13). Signed by Magistrate Judge Erin Wilder-Doomes on 4/7/2020. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (BLR) (Entered: 04/07/2020) |
| 04/08/2020 | 72 | STRICKEN FROM THE RECORD Ex Parte MOTION for Amanda Hass to Withdraw as Attorney by Brian McNeal. (Attachments: # 1 Proposed Order)(Most, William) Modified on 4/13/2020 to remove the document as it has been stricken in accordance with record document 75 (KMW). (Entered: 04/08/2020) |
| 04/08/2020 | | MOTION(S) REFERRED: 72 Ex Parte MOTION for Amanda Hass to Withdraw as Attorney . This motion is now pending before the USMJ. (EDC) (Entered: 04/08/2020) |

| 04/08/2020 | 73 (p.595) | Ex Parte MOTION to Substitute First Amended Complaint by Brian McNeal. (Attachments: # 1 (p.17) Proposed Order, # 2 (p.37) Proposed Pleading;)(Most, William) (Entered: 04/08/2020) |
|---|---|---|
| 04/08/2020 | 74 (p.609) | Ex Parte MOTION to Strike 72 Ex Parte MOTION for Amanda Hass to Withdraw as Attorney by Brian McNeal. (Attachments: # 1 (p.17) Proposed Order)(Most, William) (Entered: 04/08/2020) |
| 04/09/2020 | | MOTION(S) REFERRED: 74 (p.609) Ex Parte MOTION to Strike 72 Ex Parte MOTION for Amanda Hass to Withdraw as Attorney , 73 (p.595) Ex Parte MOTION to Substitute First Amended Complaint . This motion is now pending before the USMJ. (ELW) (Entered: 04/09/2020) |
| 04/09/2020 | 75 | ORDER granting 74 (p.609) Motion to Strike 72 Motion to Withdraw Counsel. Signed by Magistrate Judge Erin Wilder-Doomes on 4/9/2020. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (BLR) (Entered: 04/09/2020) |
| 04/10/2020 | 76 | ORDER: The 73 (p.595) Ex Parte Motion for Leave to Substitute First Amended Complaint, filed by Plaintiff Brian McNeal in response to the Courts March 31, 2020 67 (p.593) Order, is GRANTED. The Clerk of Court is directed to substitute R. Doc. 59 with R. Doc. 73-2. Signed by Magistrate Judge Erin Wilder-Doomes on 04/10/2020. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.)(EWD) (Entered: 04/10/2020) |
| 04/17/2020 | 77 (p.611) | Minute Entry/Telephone Conference Report and Order for proceedings held before Magistrate Judge Erin Wilder-Doomes: Telephone Conference held on 4/17/2020 to discuss what is left to complete in the case and pretrial deadlines. Discovery due by 6/12/2020. Dispositive and Daubert Motions shall be filed by 7/10/2020. All deadlines contained in the Courts 12/9/2019 Order remain in effect. (EDC) Modified on 4/20/2020 to edit text. (EDC). (Entered: 04/17/2020) |
| 04/17/2020 | 78 (p.613) | MEMORANDUM in Opposition to 60 (p.566) MOTION to Dismiss *for Lack of Subject Matter Jurisdiction and for Failure to State a Claim* filed by Brian McNeal. (Attachments: # 1 (p.17) Exhibit A (RAP Sheet), # 2 (p.37) Exhibit B (Dep. of Secretary LeBlanc), # 3 Exhibit C (RFA Responses))(Most, William) (Entered: 04/17/2020) |
| 04/28/2020 | 79 (p.739) | REPLY Memorandum in Support of 60 (p.566) MOTION for Partial Dismissal *for Lack of Subject Matter Jurisdiction and for Failure to State a Claim*, 78 (p.613) Memorandum in Opposition to Motion, *(Leave of Court has been Granted. Rec. Doc. 61)* filed by James LeBlanc, Louisiana Department of Public Safety & Corrections. (Glazer, Phyllis) Modified on 4/28/2020 to edit the docket text (KMW). (Entered: 04/28/2020) |
| 07/29/2020 | 80 (p.749) | Ex Parte MOTION for Telephone Conference by Brian McNeal. (Attachments: # 1 (p.17) Proposed Order)(Most, William) (Entered: 07/29/2020) |
| 07/29/2020 | 81 | ORDER granting 80 (p.749) Motion for Telephone Conference. Telephone Conference set for 7/29/2020 at 2:00 PM before Judge John W. deGravelles. A separate email will be sent to the parties with dial-in information. Signed by Judge John W. deGravelles on 07/29/2020. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (KDC) (Entered: 07/29/2020) |
| 07/29/2020 | | |

| | | |
|---|---|---|
| | 82 (p.752) | MOTION to Join as a Movant in the Pending Motion to Dismiss (Rec. Doc. 60) by Breunkia Collins. (Attachments: # 1 (p.17) Proposed Order)(Glazer, Phyllis) (Entered: 07/29/2020) |
| 07/29/2020 | 83 (p.756) | Minute Entry for proceedings held before Judge John W. deGravelles. Telephone Status Conference held on 7/29/2020. The 82 (p.752) MOTION to Join as a Movant in the Pending Motion to Dismiss (Rec. Doc. 60) is GRANTED. Ms. Collins is joined as a Movant to the Motion to Dismiss. (ELW) (Entered: 07/31/2020) |
| 08/03/2020 | 84 (p.757) | Proposed Pretrial Order by Brian McNeal (For your free look at document, enter your Individual PACER login and pw to confirm your right to view). (Attachments: # 1 (p.17) Attachment Objection to Pretrial Order and Proceedings by the Defendants)(Chervinsky, Sarah) (Entered: 08/03/2020) |
| 08/26/2020 | 85 (p.770) | ORDER: The three-day jury trial and status conference assigned for November 2, 2020, is continued and reassigned. Pretrial Conference set for 4/15/2021 at 03:00 PM in chambers before Judge John W. deGravelles. Status Conference set for 6/28/2021 at 08:30 AM in Courtroom 1 before Judge John W. deGravelles. Jury Trial set for 6/28/2021 through 6/30/2021 at 09:00 AM in Courtroom 1 before Judge John W. deGravelles. Bench Book of Exhibits shall be filed on or before 6/21/2021. Exhibit List due by 6/7/2021. Joint jury instructions, voir dire, verdict forms, and trial briefs due by 6/7/2021. Affidavit of Settlement Efforts due by 6/7/2021. Signed by Judge John W. deGravelles on 8/26/2020. (ELW) (Entered: 08/26/2020) |
| 10/23/2020 | 86 (p.772) | Ex Parte MOTION for Sarah Chervinsky to Withdraw as Attorney by Brian McNeal. (Attachments: # 1 (p.17) Attachment Proposed Order)(Chervinsky, Sarah) (Entered: 10/23/2020) |
| 10/23/2020 | | MOTION(S) REFERRED: 86 (p.772) Ex Parte MOTION for Sarah Chervinsky to Withdraw as Attorney . This motion is now pending before the USMJ. (SWE) (Entered: 10/23/2020) |
| 10/26/2020 | 87 | ORDER granting 86 (p.772) Motion to Withdraw Attorney Sarah Chervinsky as Counsel of Record for Plaintiff. Signed by Magistrate Judge Erin Wilder-Doomes on 10/26/2020. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (BLR) (Entered: 10/26/2020) |
| 12/02/2020 | 88 (p.774) | RULING AND ORDER granting in part and denying in part 60 (p.566) Motion for Partial Dismissal for Lack of Subject Matter Jurisdiction and for Dismissal for Failure to State a Claim Upon Which Relief Can Be Granted. Party(s) Louisiana Department of Public Safety & Corrections terminated. Signed by Judge John W. deGravelles on 12/2/2020. (KMW) (Entered: 12/02/2020) |
| 12/21/2020 | 89 (p.816) | MOTION for Leave to File Second Amended Complaint by Brian McNeal. (Attachments: # 1 (p.17) Proposed Pleading;, # 2 (p.37) Proposed Order)(Most, William) (Entered: 12/21/2020) |
| 12/22/2020 | 90 | ORDER granting 89 (p.816) MOTION for Leave to File First Amended Complaint in light of 88 (p.774) Ruling and Order. The clerk is directed to file R. Doc. 89-1 into the record. Signed by Magistrate Judge Erin Wilder-Doomes on 12/22/2020. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (BLR) (Entered: 12/22/2020) |
| 12/22/2020 | 91 (p.847) | SECOND AMENDED COMPLAINT against Breunkia Collins, James LeBlanc, Louisiana Department of Public Safety & Corrections, filed by Brian McNeal.(SWE) (Entered: 12/22/2020) |

| 03/09/2021 | 92 (p.875) | NOTICE OF RIGHT TO CONSENT TO DISPOSITION OF CIVIL CASE BY A UNITED STATES MAGISTRATE JUDGE DUE TO RESTRICTIONS RELATED TO THE COVID-19 PANDEMIC: In accordance with the provisions of 28 U.S.C. 636(c), you are hereby notified that all of the parties in this civil case may consent to allow a United States Magistrate Judge of this district court to conduct any and all proceedings, including trial of the case and entry of a final judgment, by signing the consent form included herein. (Litchfield, Michael) (Entered: 03/09/2021) |
|---|---|---|
| 03/29/2021 | 93 (p.877) | MOTION to Dismiss Second Amended Complaint by Breunkia Collins, James LeBlanc, Louisiana Department of Public Safety & Corrections. (Attachments: # 1 (p.17) Memorandum in Support)(Glazer, Phyllis) Modified on 3/30/2021 to edit the docket text (KMW). (Entered: 03/29/2021) |
| 03/30/2021 | 94 | NOTICE of Briefing Schedule on 93 (p.877) MOTION to Dismiss Second Amended Complaint : Opposition to the motion shall be filed within 21 days from the filing of the motion and shall not exceed 25 pages excluding attachments. The mover may file a reply brief within 14 days of the filing of the opposition and shall be limited to a total of 10 pages. No motion for leave will be required. Sur-Reply briefs will be permitted only with leave of Court for extraordinary reasons supported by sufficient facts. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.)(KDC) (Entered: 03/30/2021) |
| 03/31/2021 | 95 (p.902) | Joint MOTION to Continue Trial and Related Deadlines by Breunkia Collins, James LeBlanc, Louisiana Department of Public Safety & Corrections. (Attachments: # 1 (p.17) Proposed Order)(Glazer, Phyllis) (Entered: 03/31/2021) |
| 04/01/2021 | 96 (p.905) | ORDER granting 95 (p.902) Joint Motion to Continue Trial and All Deadlines. The trial of this matter is CONTINUED, and all deadlines previously established by this Court in Document 85 are EXTENDED. The three-day Jury Trial is set to begin on 9/20/2021 at 09:00 AM in Courtroom 1 before Judge John W. deGravelles. Pretrial Conference set for 8/26/2021 at 09:00 AM in chambers before Judge John W. deGravelles. Status Conference set for 9/20/2021 at 08:30 AM in Courtroom 1 before Judge John W. deGravelles. Signed by Judge John W. deGravelles on 4/1/2021. (KMW) Modified on 4/5/2021 to edit the docket text (KMW). (Entered: 04/01/2021) |
| 04/01/2021 |  | Set/Reset Trial and Related Deadlines: Bench Book of Exhibits shall be filed on or before 9/13/2021. Exhibit List due by 8/30/2021. Affidavit of Settlement Efforts due by 8/30/2021. Joint jury instructions, voir dire, verdict forms, and trial briefs due by 8/30/2021. Status Conference set for 9/20/2021 at 08:30 AM in Courtroom 1 before Judge John W. deGravelles. Three-day Jury Trial is set to begin on 9/20/2021 at 09:00 AM in Courtroom 1 before Judge John W. deGravelles. (KMW) (Entered: 04/01/2021) |
| 04/19/2021 | 97 (p.907) | MEMORANDUM in Opposition to 93 (p.877) MOTION to Dismiss Second Amended Complaint filed by Brian McNeal. (Attachments: # 1 (p.17) Exhibit A (Order in Chowns v. LeBlanc))(Most, William) (Attachment 1 replaced on 4/20/2021 to correct page orientation) (KMW). (Entered: 04/19/2021) |
| 04/26/2021 | 98 (p.923) | REPLY Memorandum in Support of 93 (p.877) MOTION to Dismiss Second Amended Complaint filed by Breunkia Collins, James LeBlanc, Louisiana Department of Public Safety & Corrections. (Glazer, Phyllis) Modified on 4/26/2021 to edit docket text (SWE). (Entered: 04/26/2021) |
| 06/09/2021 |  |  |

| | | |
|---|---|---|
| | <u>99</u><br>(p.933) | Consent MOTION to Reschedule 6/28/2021 Status Conference by Brian McNeal. (Attachments: # <u>1 (p.17)</u> Proposed Order)(Most, William) Modified on 6/9/2021 to edit text (LLH). (Entered: 06/09/2021) |
| 06/18/2021 | <u>100</u><br>(p.935) | Joint MOTION to Continue Trial and Pre-Trial Dates by Brian McNeal. (Attachments: # <u>1 (p.17)</u> Proposed Order)(Most, William) (Entered: 06/18/2021) |
| 06/24/2021 | 101 | ORDER denying as moot <u>99 (p.933)</u> Motion Reschedule 6/28/2021 Status Conference by Brian McNeal. Signed by Judge John W. deGravelles on 06/24/2021. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (KDC) (Entered: 06/24/2021) |
| 06/25/2021 | <u>102</u><br>(p.938) | ORDER granting <u>100 (p.935)</u> Motion to Continue Jury Trial set for 1/31/2022 through 2/2/2022 at 09:00 AM in Courtroom 1 before Judge John W. deGravelles. Pretrial Conference set for 12/16/2021 at 10:00 AM in chambers before Judge John W. deGravelles. Status Conference set for 1/31/2022 at 08:30 AM in Courtroom 1 before Judge John W. deGravelles. Signed by Judge John W. deGravelles on 06/24/2021. (ELW) (Entered: 06/25/2021) |
| 11/17/2021 | <u>103</u><br>(p.940) | ORDER: Due to the Court's backlog and congested docket arising from the COVID-19 pandemic and because this matter is scheduled on the same day that a criminal case will proceed to trial. The jury trial set for January 31, 2022, is continued and reassigned. Pretrial Conference set for 6/21/2022 at 01:00 PM in chambers before Judge John W. deGravelles. Status Conference set for 7/25/2022 at 08:30 AM before Judge John W. deGravelles. Jury Trial set for 7/25/2022 through 7/27/2022 at 09:00 AM in Courtroom 1 before Judge John W. deGravelles. Signed by Judge John W. deGravelles on 11/17/2021. (ELW) (Entered: 11/17/2021) |
| 02/02/2022 | <u>104</u><br>(p.942) | MOTION for Leave to File Supplemental Memorandum in Support of Motion to Dismiss <u>93 (p.877)</u> and in response to Plaintiff's Memorandum in Opposition <u>97</u> <u>(p.907)</u> to Defendants' Motion by James LeBlanc. (Attachments: # <u>1 (p.17)</u> Proposed Order, # <u>2 (p.37)</u> Proposed Pleading;, # <u>3</u> 5th Cir. Opinion, Grant v. LeBlanc, 21-30230 (5th Cir. 2/1/22))(Glazer, Phyllis) (Entered: 02/02/2022) |
| 02/03/2022 | 105 | ORDER granting <u>104 (p.942)</u> MOTION for Leave to File Supplemental Memorandum in Support of Motion to Dismiss <u>93 (p.877)</u> and in response to Plaintiff's Memorandum in Opposition <u>97 (p.907)</u> to Defendants' Motion to Dismiss Second Amended Complaint filed by James LeBlanc, Breunkia Collins, Louisiana Department of Public Safety & Corrections. Plaintiff will have 14 days from the date of this order to file a response to Defendants' Supplemental Memorandum. Signed by Judge John W. deGravelles on 02/03/2022. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (KDC) (Entered: 02/03/2022) |
| 02/03/2022 | <u>106</u><br>(p.966) | Supplemental MEMORANDUM in Support of <u>93 (p.877)</u> MOTION to Dismiss Second Amended Complaint filed by Breunkia Collins, James LeBlanc, Louisiana Department of Public Safety & Corrections. (Attachments: # <u>1 (p.17)</u> Exhibit)(LLH) (Entered: 02/03/2022) |
| 02/10/2022 | <u>107</u><br>(p.987) | RESPONSE to <u>106 (p.966)</u> Supplemental Memorandum in Support of <u>93 (p.877)</u> MOTION to Dismiss Second Amended Complaint filed by Brian McNeal. (Most, William) Modified on 2/14/2022 to edit the text and create the docket entry relationship (NLT). (Entered: 02/10/2022) |
| 03/31/2022 | <u>108</u><br>(p.989) | ORDER granting in part and denying in part <u>93 (p.877)</u> Motion to Dismiss for Failure to State a Claim. the motion is granted in that the following claims are |

| | | |
|---|---|---|
| | | DISMISSED WITH PREJUDICE: (1) Plaintiff's demand for declaratory relief; (2) Plaintiff's Section 1983 claims for monetary damages against LeBlanc in his official capacity; and (3) Plaintiff's state law claims for monetary damages against LeBlanc in his official capacity. In all other respects, Defendants' motion is DENIED. Signed by Judge John W. deGravelles on 03/31/2022. (KDC) (Entered: 03/31/2022) |
| 04/12/2022 | 109 (p.990) | NOTICE OF APPEAL to the USCA for the 5th Circuit of 108 (p.989) Order on Motion to Dismiss for Failure to State a Claim,, by James LeBlanc. Filing fee $ 505, receipt number ALAMDC-2416694. The transcript request form for appeal cases is located at www.lamd.uscourts.gov/local-forms/all-local-forms. (Glazer, Phyllis) (Entered: 04/12/2022) |
| 04/18/2022 | 110 (p.991) | RULING and ORDER: The 93 (p.877) MOTION to Dismiss Second Amended Complaint is GRANTED IN PART and DENIED IN PART. The motion is GRANTED in that the following claims are DISMISSED: (1) Plaintiffs demand for declaratory relief; (2) Plaintiffs Section 1983 claims for monetary damages against LeBlanc in his official capacity; and (3) Plaintiffs state law claims for monetary damages against LeBlanc in his official capacity. In all other respects, the motion is DENIED. Signed by Judge John W. deGravelles on 4/13/2022. (ELW) (Entered: 04/18/2022) |
| 04/19/2022 | 111 (p.1012) | Subsequent NOTICE OF APPEAL as to 110 (p.991) Ruling,, 108 (p.989) Order on Motion to Dismiss for Failure to State a Claim,, by James LeBlanc *AMENDED Notice of Appeal*. (Glazer, Phyllis) (Entered: 04/19/2022) |
| 04/20/2022 | 112 (p.1013) | TRANSCRIPT REQUEST by James LeBlanc for proceedings held on No Hearings before Judge Not Applicable, re 111 (p.1012) Subsequent Notice of Appeal, 109 (p.990) Notice of Appeal to the USCA for the 5th Circuit, (Glazer, Phyllis) (Entered: 04/20/2022) |
| 04/21/2022 | 113 (p.1014) | Unopposed MOTION to Stay *Case Pending Appeal* by Breunkia Collins, James LeBlanc. (Attachments: # 1 (p.17) Proposed Order)(Glazer, Phyllis) (Entered: 04/21/2022) |
| 04/22/2022 | 114 (p.1018) | ORDER granting 113 (p.1014) Motion to Stay Pending Appeal. The Clerk of Court shall STAY AND ADMINISTRATIVELY CLOSE this matter pending resolution of the appeal. Signed by Judge John W. deGravelles on 4/22/2022. (LLH) (Entered: 04/22/2022) |
| 04/25/2022 | 115 | USCA Case Number 22-30180 for 109 (p.990) Notice of Appeal to the USCA for the 5th Circuit, filed by James LeBlanc. (NLT) (Entered: 04/25/2022) |

**Case #: 3:18-cv-00736-JWD-EWD**


TAB 2

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

BRIAN MCNEAL

VERSUS

LOUISIANA DEPARTMENT OF
PUBLIC SAFETY & CORRECTIONS
JAMES LEBLANC, TIM HOOPER
ROBIN MILLIGAN, UNKNOWN DOES 1-10,
ABC INSURANCE COMPANIES

CIVIL ACTION

NO. 18-736-JWD-EWD

## RULING AND ORDER

This matter is before the Court on a *Motion for Summary Judgment on False Imprisonment Claim* (Doc. 12) filed by Brian McNeal ("Plaintiff" or "Mr. McNeal") In response, Defendant Louisiana Department of Public Safety & Corrections (the "Department of Corrections" filed a *Memorandum in Opposition to Plaintiff's Motion for Summary Judgment* (Doc. 21.) In reply, Plaintiff filed a *Reply in Support of Plaintiff's Motion for Summary Judgment on False Imprisonment.* (Doc. 25.)[1]  In addition, the Department of Corrections, James LeBlanc, Timothy Hooper, and Robin Milligan (together "Defendants") filed a *Motion for Summary Judgment.* (Doc. 17.) In response, Plaintiff filed an *Opposition to Defendants' Motion for Summary Judgment.* (Doc. 24.) In reply, Defendants filed *Reply to Plaintiff's Memorandum in Opposition to Summary Judgment.* (Doc. 36.) Oral argument is not necessary. Having considered the facts, the parties' arguments, the applicable law, and for the reasons explained below, the Court will grant Plaintiff's *Motion for Summary Judgment on False Imprisonment Claim* (Doc. 12) and deny Defendants' *Motion for Summary Judgment* (Doc. 17).

---

[1] Plaintiff also filed two supplements providing legal authority relating to the application of *Heck v. Humphrey* in the overdetention context. (Docs. 45 and 48.)

<u>RELEVANT FACTS</u>

Mr. McNeal brought this action against the Department of Corrections, Secretary James LeBlanc, Timothy Hooper, and Robin Milligan on June 20, 2018 in state court. (<u>Doc. 1-2</u>.) Defendants removed the case to this Court on August 8, 2018. (<u>Doc. 1</u>.)

On October 26, 2015, Mr. McNeal pled guilty to possession of cocaine and drug paraphernalia in Orleans Criminal District Court, and was sentenced to a five-year sentence, suspended, and with five years of active probation. (<u>Doc. 1-2 at</u> ¶ 19.) Pursuant to a July 2017 arrest, on August 3, 2017, Mr. McNeal's probation was revoked and he was sentenced to be incarcerated for ninety days at the Steve Hoyle Program, in the Bossier Parish Correctional Center. (<u>Doc. 1-2 at</u> ¶ 20-21.) On August 22, 2017, the Department of Corrections sent a release letter to the Steve Hoyle program directing it to release Mr. McNeal on November 1, 2017. (<u>Doc. 12-3 at 3</u>.) The letter states, "This is your authority to release the offender on 11/01/2017, as having completed said sentence that was imposed at the time of revocation." (<u>Doc. 12-7 at 1</u>.) On September 5, 2017, Mr. McNeal was determined to be unfit for the Steve Hoyle Program and was incarcerated at the Elayn Hunt Correctional Center (<u>Doc. 1-2 at</u> ¶23.) The Department of Corrections did not forward Mr. McNeal's release letter to the Elayn Hunt Correctional Center. (<u>Doc. 12-3 at 7</u>.)

November 1, 2017 was Mr. McNeal's correct and legal release date. (Docs. 12-7 at 1; and 12-3 at 3.) Mr. McNeal was not released on November 1, 2017. (<u>Doc. 12-7 at 1</u>.) On November 15, 2017, Mr. McNeal wrote the Warden asking why he was not allowed to go to court, because he was "suppose[d] to be released into a drug program." (<u>Doc. 12-5 at 1</u>) Mr. McNeal asked the Warden for his help to "find out what's going on" and "fix this matter." (<u>Doc. 12-5 at 1</u>.) Mr. McNeal also informed the Warden that his phone pin stopped working so he could not call anyone for help. (*Id.*) A handwritten response to the letter rejecting it reads, "the transfer

2

documents would have been sent for you to be transported" and "you must contact the phone department in regards to your telephone." (*Id.*)

After November 1, 2017, Plaintiff's girlfriend Crystal made phone calls on his behalf. (Doc. 12-6 at 4.) For example, on December 6, 2017, Crystal spoke with Mr. Peter Pobocik, Plaintiff's probation officer and a Department of Corrections employee, who informed her that Mr. McNeal was supposed to have been released on November 1, 2017. (Doc. 12-6 at 4.) Mr. Pobocik's Narrative Report details, "CC with subject's GF Crystal. She reports that he is still being held at Hunt. Subject was doing a 402 and scheduled to be released 11/1/17. Cajun shows he was released on that date. Forwarded to supervisor for clarification." (Doc. 12-6 at 4.) On December 8, 2017, Department of Corrections was made aware of Mr. McNeal's overdetention. (Doc. 12-4 at 3-4.) On December 11, 2017, Jennifer Bush at the Department of Corrections emailed Elayn Hunt Correctional Center writing, "the offender was thought to be at a different facility," and the attached release letter states, "[t]his is your authority to release the offender as of 11/1/2017, as having completed said sentence that was imposed at the time of revocation." (Doc. 12-7.)

The Louisiana Department of Corrections imprisoned Mr. McNeal from November 1, 2017 to December 12, 2017, excepting for trips to court. (Doc. 12-3 at 2.) Mr. McNeal was released from Elayn Hunt Correctional Center on December 12, 2017. (Doc. 12-3 at 7.) Therefore, Mr. McNeal was held for 41 days past his legal release date. (Doc. 12-3 at 8.)

Plaintiff does not allege that he previously invalidated the nature and duration of his confinement. (Doc. 1-2.) He has not been a part of any other civil action, other than the present action. (Doc. 1-2.) Outside of his letter to the Warden, Plaintiff did not utilize the grievance

3

procedure or file any Administrative Remedy Procedures pertaining to his incarceration. (Doc. 17-3 at 9.)

PARTIES' ARGUMENTS

*a.  Plaintiff's arguments in support of summary judgment on false imprisonment.*

Plaintiff argues that there is no genuine dispute of material fact as to either element of the tort of false imprisonment under Louisiana law. (Doc. 12-1 at 3-4.) Plaintiff maintains that false imprisonment occurs "when one 'restrains another against his will without a warrant or other statutory authority. Simply stated it is restraint without color of legal authority.'" (Doc. 12-1 at 4 (quoting *Kyle v. City of New Orleans*, 353 So.2d 969, 971 (La., 1977)).) As such, the elements to prove false imprisonment are "(1) proof of imprisonment and (2) lack of legal authority." (Doc. 12-1 at 4 (citing *Prisk v. Palazzo*, (La. App. 4 Cir. 1/19/96668) So.2d 415, 417.) Plaintiff argues that under Louisiana law, there is no intent or other knowledge requirement. Therefore,

> The fact that the jailer is without personal knowledge that the prisoner is held unlawfully does not constitute a defense to an action for false imprisonment . . . In such circumstance, as in the one before us, ignorance of the law is no excuse.

(Doc. 12-1 at 4 (quoting *Whirl v. Kern*, 407 F.2d 781, 791 (5th Cir. 1968)).)

Plaintiff argues that the first element, whether there was an imprisonment, is undisputed. (Doc. 12-1 at 5.) The parties agree that Mr. McNeal was imprisoned at the Ealyn Hunt Correctional Center from August 1, 2017 to December 12, 2017. (Doc. 12-1 at 5.) Likewise, Plaintiff argues that the second element, whether there was a lack of legal authority, is met because the sentence expired on November 1, 2017. (Doc. 12-1 at 5.) The parties agree that Mr. McNeal was held for 41 days past his legal release date. (Doc. 12-1 at 6.) As both elements for the tort of false imprisonment have been met, Plaintiff argues his *Motion for Summary Judgment on False Imprisonment Claim* should be granted. (*Id.*)

4

b. *Defendants' response and arguments in support of summary judgment.*

1. Plaintiff's claim is barred by *Heck v. Humphrey* and its progeny.

Defendant argues that *Heck v. Humphrey* applies to bar the Plaintiff's claim because the false imprisonment claim bears on the validity and duration of his confinement. (Docs. 17-1 at 4-5; 21 at 2-3.) Defendants assert that *Heck v. Humphrey* "held that a prisoner's § 1983 claims [are] not cognizable where 'a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence.'" (Doc. 17-1 at 4 (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)).) Defendants maintain that the progeny of *Heck*, hold:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to a conviction or internal prison proceedings)—if success in that action would *necessarily demonstrate the invalidity of the confinement or its duration.*

(Doc. 17-1 at 5 (quoting, *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005)).) Defendants' argue that if Plaintiff proves his case, then he would "inherently demonstrate that (1) the *nature* of his confinement was illegal (that the defendants had no authority to hold him) and that (2) the *duration* of his confinement was illegal (he was held for 41 days past his release date)." (Doc. 17-1 at 5.) Therefore, Defendants argue *Heck* applies. (Doc. 17-1.)

Defendants point to the fact that Plaintiff's confinement has not been previously invalidated. (Doc 17-1 at 6.) Defendants argue that "[u]nder *Heck*, a § 1983 case is barred unless the plaintiff can demonstrate that the nature and duration of his confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal or called into question by a federal court's issuance of a writ of habeas corpus." (Doc. 17-1 at 6.). Because Plaintiff has not sought to invalidate his confinement, Defendants maintain that *Heck* applies and the claim is barred. (Doc. 17-1 at 6-7.)

5

2. <u>Plaintiff's claim is barred because he failed to exhaust his administrative remedies prior to filing suit.</u>

Defendants argue in the alternative that because Plaintiff failed to pursue available administrative remedies under the Louisiana Prison Litigation Reform Act ("LA PLRA"), his claims should be dismissed. (Doc. 17-1 at 7.) The LA PLRA states:

> No prisoner suit shall assert a claim under state law until such administrative remedies as are available are exhausted. If a prisoner suit is filed in contravention of this Paragraph, the court shall dismiss the suit without prejudice.

(Doc. 17-1 at 7 (quoting La. R.S. 15:1184(A)(2)).) Defendants assert that the LA PLRA defines "civil action with respect to prison conditions" or "prisoner suit" to mean

> any civil proceeding with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include post conviction relief or habeas corpus proceedings challenging the fact or duration of confinement in prison.

(Doc. 17-1 at 7 (citing La. R.S. 15:1181).) Defendants reason that because this is a civil proceeding challenging the effects of actions by government officials on the lives of persons confined in prison it is a "prisoner suit" under the LA PLRA. (Doc. 17-1 at 7.) The LA PLRA further defines "prisoner" to mean:

> any person subject to incarceration, detention, or admission to any prison who is accused of, convicted of, sentenced for, or adjudicated delinquent for a violation of criminal law or the terms or conditions of parole, probation, pretrial release, or a diversionary program. Status as a "prisoner" is determined as of the time the cause of action arises. Subsequent events, including post trial judicial action or release from custody, shall not affect such status.

(Doc. 17-1 at 8 (quoting La. R.S. 15:1181(6)).) Again, Defendants reason that because the state law causes of action arose during his confinement at the Elayn Hunt Correctional Center, Plaintiff is a prisoner under the LA PLRA. (Doc. 17-1 at 8.) Therefore, Defendants maintain that Plaintiff was required to exhaust the available administrative remedies before filing the civil suit,

22-30180.524

which he did not. (Doc. 17-1 at 8-9.) Defendants argue that it is appropriate to therefore dismiss

Plaintiff's claims under the LA PLRA. (*Id.*)

    c.   *Plaintiff's response and reply to Defendants' arguments.*

        1.  <u>*Heck* does not apply because Plaintiff does not challenge his conviction or his</u>
           <u>sentence.</u>

      Plaintiff argues that the application of *Heck v. Humphrey* is an affirmative defense that

was not pled in Defendants' answer and is therefore waived pursuant to Fed. R. Civ. P. 15(h).

(Doc. 24 at 2.) Plaintiff also argues that in challenging his overdetention, he does not seek to

invalidate either his conviction or sentence, so therefore *Heck v. Humphrey* does not apply. (Doc.

24 at 3.) Plaintiff also argues that applying *Heck* to an overdetention case would lead to absurd

results because a 41-day overdetention is not sufficient to obtain a ruling from a tribunal. (Doc.

24 at 3.) Further, Plaintiff details that there is no cause of action allowing an overdetention to be

expunged or reversed. (Doc. 24 at 3.)

        2.  <u>LA PLRA's exhaustion requirement does not apply to the Plaintiff.</u>

           a.  <u>*The federal PLRA not the Louisiana PLRA applies in federal court.*</u>

      Plaintiff argues that under Fifth Circuit precedent, the federal and not the LA PLRA

applies in federal Court. (Doc. 24 at 4.) Plaintiff directs the Court to *Ferrington v. Louisiana*

*Department of Corrections*, 315 F.3d 529 (5th Cir. 2002), which states, "*Ferrington* is

proceeding in federal, not state court, and his claim is procedurally governed by federal law."

315 F.3d 529, 532 (5th Cir. 2002). Plaintiff argues that under the federal PLRA, a former

prisoner does not have to exhaust administrative remedies. (Doc. 24 at 4-5 (citing *Bernal v.*

*Bexar Cty.*, 757 F. App'x 316, 320 (5th Cir. 2018) ("At the time of his complaint, Bernal was not

incarcerated. Rather, he had served his time. And he sued after his release. The district court was

wrong that Bernal had to exhaust his administrative remedies. It thus erred in dismissing his

22-30180.525

complaint.")).) As such, Plaintiff maintains that Mr. McNeal did not have to exhaust administrative remedies to bring his claim. (Doc. 24 at 4-5.)

   b.   *The Louisiana PLRA applies to suits by current prisoners, not former prisoners*

In the alternative, if the Court applies the LA PLRA, Plaintiff argues that the LA PLRA applies only to suits by current prisoners, not former prisoners. (Doc. 24 at 5.) Plaintiff cites *Hebert v. Maxwell*, No. 03-1739, 2008 WL 1733233, at *1–2 (W.D. La. Apr. 14, 2008), which states:

> The plain language of these statutes suggests that the limitations apply only to suits by current prisoners, not former prisoners, and the jurisprudence bears this out. Because the Louisiana statute is so similar to the federal statute, and because we can find no Louisiana cases on point, we rely on federal jurisprudence.

(Doc. 24 at 5.) Because there is no case law applying the LA PLRA to former prisoners, Plaintiff maintains that it does not apply. (Doc. 24 at 5.)

   c.   *Plaintiff was not a prisoner during his overdetention*

In the alternative, Plaintiff argues that under the plain language of the LA PLRA, Mr. McNeal was not a prisoner during his overdetention. (Doc. 24 at 6.) As previously discussed, prisoner is defined by the LA PLRA as:

> any person subject to incarceration, detention, or admission to any prison who is accused of, convicted of, sentenced for, or adjudicated delinquent for a violation of criminal law or the terms or conditions of parole, probation, pretrial release, or a diversionary program.

(Doc. 24 at 6 (citing La. R.S. 15:1181(6).) Plaintiff argues that under this definition, to be a prisoner there must be "(1) actual imprisonment, (2) resulting from legal process. (The actual imprisonment must be linked [to] the legal process, because otherwise a person locked in a private person's basement who was separately accused of a crime would be subject to the L[A] PLRA – an absurd result.)." (Doc. 24 at 6.)

8

Plaintiff outlines that "once Mr. McNeal's sentence expired, he was no longer a person "accused of, convicted of, sentenced for, or adjudicated delinquent" of any crime. (Doc. 24 at 6.) Therefore, he no longer fit within the definition of prisoner. (*Id.*) This interpretation is consistent, Plaintiff maintains, with the interpretation of the federal PLRA. (Doc. 24 at 6 (citing *Williams v. Block*, No. 97-3826 WJR, 1999 WL 33542996, at *6 (C.D. Cal. Aug. 11, 1999) ("Once Plaintiffs were entitled to be released, any "jail term" that may have existed expired. Therefore, they were not prisoners at the time the alleged injury occurred."); *Watson v. Sheahan*, No. 94 C 6891, 1998 WL 708803, at *3 (N.D. Ill. Sept. 30, 1998) ("This case, however, involves claims by persons who were legally released from the above correctional facilities but were detained over 10 hours before being physically released from custody. Thus, the PLRA is not applicable to this case."); *Lee v. State, Dep't of Corr. Servs.*, No. 97 CIV. 7112, 1999 WL 673339, at *4 (S.D.N.Y. Aug. 30, 1999) ("Second, and more importantly, the PLRA does not apply to the instant case. Section 1997e(h) defines the term "prisoner" as "any person incarcerated, or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law." 42 U.S.C. § 1997e(h). Here, Plaintiff's son does not fall within the express terms of the statutory definition, because even though he was detained, he was never accused or convicted of a crime.")

> d. *The Louisiana PLRA does not bar Plaintiff's claims because the 90-day administrative grievance window had not passed when he was released.*

In the alternative, Plaintiff argues that the LA PLRA does not apply because Mr. McNeal was released before the deadline expired to file a grievance under La. R.S. 15:1172(B)(1). (Doc. 24 at 7.) Plaintiff asserts that under La. R.S. 15:1172(B)(1), an offender has 90 days to file an administrative grievance. (Doc. 24 at 7.) Therefore, because he was released before that deadline, he did not have access to the prison grievance system. (Doc. 24 at 7.) Further, Plaintiff maintains

22-30180.527

that under the Louisiana Administrative Code § 101(C), the Administrative Remedy Procedure is for offenders and not ex-offenders. (Doc. 24 at 7, (citing *see also Evans v. Cameron*, No. 3:09-CV-17-KRG-KAP, 2009 WL 3415160, at *2 (W.D. Pa. Oct. 22, 2009)).)

   *e.  Plaintiff sent the warden a letter asking for help.*

  Plaintiffs also argue that because Mr. McNeal sent the Warden a letter asking him to correct the overdetention, which was rejected, the purpose of the LA PLRA was satisfied. (Doc. 24 at 7-8.)

  d.  *Defendants' reply to Plaintiff's response in opposition*
   1.  *Heck v. Humphrey* applies to bar Plaintiff's claim.

  Defendants argue that because *Heck* applies to imprisonment, and substantive determinations as to the length of confinement, it applies in this case. (Doc. 36 at 2, (citing *Wilkinson v. Dotson*, 544 U.S. 74, 84 (2005)).) Defendants point the Court to *Randell v. Johnson* in which the Fifth Circuit held, "Because Randell is seeking damages pursuant to § 1983 for unconstitutional imprisonment and has not satisfied the favorable termination requirement of *Heck,* he is barred from any recovery." (Doc. 36 at 2 (citing *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000)).) Defendants maintain that courts in Texas, Louisiana, and Mississippi apply *Heck* to claims of illegal imprisonment. (Doc. 36 at 3.) [2]

---

[2]Defendant cites among other cases from Texas: *Gurrola v. Perry*, No. V-13-006, 2013 U.S. Dist. LEXIS 46374, at *3 (S.D. Tex. Feb. 4, 2013) (applying *Heck* to bar claim for illegal imprisonment when Plaintiff "pursuant to prior Texas law, [] would now be entitled to release on parole because his good-time credits plus flat time served equals or exceeds his ten-year sentence."); *Redo v. BOT Warehouse Classification Dep't*, No. H-09-0679, 2009 U.S. Dist. LEXIS 51450, at *2 (S.D. Tex. June 17, 2009) (applying *Heck* when Plaintiff sued for illegal imprisonment when his supervised release date was changed because an "audit revealed an error in his first jail date. The records were corrected to reflect that his first jail date was October 7, 1991, not August 2, 1990. This caused Redo's projected release date and maximum discharge date to be postponed."); *Gaddis v. Beaumont*, No. 1:12cv547, 2012 U.S. Dist. LEXIS 183015, at *1 (E.D. Tex. Dec. 3, 2012) (applying *Heck* to bar a claim that prison officials did not properly calculate his sentence under the good time law.). Defendant cites among other cases from Louisiana: *Sam v. Avoyelles Corr. Ctr.*, No. 10-CV-1264, 2010 U.S. Dist. LEXIS 138554, at *1-2 (W.D. La. Nov. 8, 2010) (applying *Heck* to bar a claim when "Plaintiff was convicted of an unknown sex offense and is currently serving the resulting prison sentence. . ..  He alleges that his good time release date has passed, yet he is still confined at AVC."); *Fox v. Terrell*, No. 2:12-cv-3161, 2013 U.S. Dist. LEXIS 128536, at *2 (W.D. La. Aug. 7, 2013) (applying *Heck* to bar a claim against prison officials who "refused to credit him with time served in custody in Arkansas."); *Adger v. LeBlanc*, No. 15-0390-BAJ-EWD, 2016 U.S. Dist. LEXIS 182334, at *1 (M.D. La. Dec. 6, 2016) (applying *Heck* to

22-30180.528

Defendants also argue that the *Heck* procedural bar is not waived when it is not pled as an affirmative defense because it is similar to sovereign immunity and cannot be waived through removal. (Doc. 36 at 4-5.)

2. Plaintiff was required to exhaust remedies under the LA PLRA.

Defendants also argue that the LA PLRA applies, and that Plaintiff was required to exhaust his administrative remedies before bringing state law claims. (Doc. 36 at 6.) First Defendants insist that the federal PLRA applies to claims brought under federal law, not claims brought in federal court. (Doc. 36 at 6 (citing 42 U.S.C. 1997e(a)).)

Second, Defendants argue that the LA PLRA applies to "prisoners" and to "prisoner suits" as defined under the statute. (Doc. 36 at 6.) Defendants assert that the definition of "prisoner" provides that "status as a prisoner is determined as of the time the cause of action arises. Subsequent events including post trial judicial action or release from custody, shall not affect such status." (Doc. 36 at 6 (citing La. R.S. 15: 1181(6)).) Similarly, Defendants contend that the Louisiana Corrections Administrative Remedy Procedure defines "offender" as "an adult or juvenile offender who is in the physical or legal custody of the Department of Public Safety and Corrections, . . .  Any subsequent event, including posttrial judicial action or release from custody, shall not affect status as an "offender" for the purposes of this Part." (Doc. 36 at 6 (citing La. R.S. 15:1174(2)).) "Prisoner suit" under the LA PLRA is defined as "any civil proceeding with respect to the conditions of confinement or the effects of actions by government

---

bar a claim that "prison officials have violated his constitutional right to due process by improperly confiscating an excessive amount of his accrued good time credits toward early release."). Defendant cites among other cases from Mississippi: *Hudson v. Mississippi*, No. 3:15CV151-MPM-JMV, 2017 U.S. Dist. LEXIS 30439, at *1 (N.D. Miss. Mar. 3, 2017) (applying *Heck* to bar a claim where "The plaintiff alleges that the defendants improperly revoked his post-release supervision on a cyberstalking charge."); *Loucks v. Epps*, No. 2:12-cv-63-KS-MTP, 2013 U.S. Dist. LEXIS 8456, at *1 (S.D. Miss. Jan. 22, 2013) (applying *Heck* to bar a claim that "MDOC will not place him in "trusty status" or provide him with good-time credits or earned time credits because they have incorrectly classified his offense as a sex offense.")

22-30180.529

officials on the lives of persons confined in prison, but does not include post conviction relief or habeas corpus proceedings challenging the fact or duration of confinement in prison." (Doc. 36 at 7 (quoting La. R.S. 15:1181(5)).) Defendants argue that because he was confined at Elayn Hunt Correctional Center, Mr. McNeal was a prisoner under the Act and that this is a prisoner suit under the Act. (Doc. 36 at 6-7.)

Third, Defendants maintain that the Louisiana Administrative Code provides that under La. R.S. 15:1174(2)'s definition of "offender," Mr. McNeal still had to abide by the exhaustion procedure because release from custody does not change the status of the "offender." (Doc. 36 at 7.) Defendants also outline that an offender who has been released from custody has access to the grievance system because the Louisiana Administrative Code provides:

> If an offender is discharged before the review of an issue is completed that affects the offender after discharge, or if he files a request after discharge on an issue that affects him after discharge, the institution shall complete the processing and shall notify the offender at his last known address. All other requests shall be considered moot when the offender discharges and the process shall not be completed.

La. Admin. Code Tit. 22, Pt I, § 325. As such, Defendants maintain that Plaintiff needed to, at a minimum, follow the administrative remedy procedure before filing the suit, alerting the Department of Corrections that he was seeking damages. (Doc. 36 at 7-8.)

Last, Defendants maintain that regardless of whether Plaintiff's letter to the warden constituted an action under the LA PLRA, he did not take action at the departmental level, so he failed to exhaust his administrative remedies. (Doc. 36 at 8.)

## APPLICABLE STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the mover bears his burden of showing that there is no genuine issue of fact, "its opponent must do more than simply show that there is some metaphysical doubt as to the

12

material facts ... [T]he nonmoving party must come forward with 'specific facts showing that

there is a genuine issue for trial.'" *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

U.S. 574, 586–587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (internal citations omitted). The non-

mover's burden is not satisfied by "conclusory allegations, by unsubstantiated assertions, or by

only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994)

(citations and internal quotations omitted). "Where the record taken as a whole could not lead a

rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'

" *Matsushita Elec. Indus. Co.*, 475 U.S. at 587. Further:

> In resolving the motion, the court may not undertake to evaluate the credibility of
> the witnesses, weigh the evidence, or resolve factual disputes; so long as the
> evidence in the record is such that a reasonable jury drawing all inferences in favor
> of the nonmoving party could arrive at a verdict in that party's favor, the court must
> deny the motion.

*International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

## ANALYSIS

*a.  The elements of false imprisonment under Louisiana law.*

Under Louisiana law, "[a]claim for false arrest requires the following elements: (1)

detention of the person; and (2) the unlawfulness of the detention. *Richard v. Richard*, 11-0229

p. 5 (La. 10/25/11), 74 So. 3d 1156, 1159 (citing *Kennedy v. Sheriff of East Baton Rouge,* 05–

1418 (La.7/10/06), 935 So.2d 669.) Further, "[m]alice is not a necessary element of the tort

of false imprisonment and is immaterial except as it may affect the question of damages."

*Tabora v. City of Kenner*, 94-613 p. 8 (La. App. 5 Cir. 1/18/95), 650 So. 2d 319, 322, *writ*

*denied,* 95-0402 (La. 3/30/95), 651 So. 2d 843. The Fifth Circuit has explained:

> Detention of a prisoner for over "thirty days beyond the expiration of his sentence
> in the absence of a facially valid court order or warrant constitutes a deprivation of
> due process." *Douthit v. Jones,* 619 F.2d 527, 532 (5th Cir.1980). Our precedent
> establishes that a jailer has a duty to ensure that inmates are timely released from
> prison. We have explained that "[w]hile not a surety for the legal correctness of a

22-30180.531

prisoner's commitment, [a jailer] is most certainly under an obligation, often statutory, to carry out the functions of his office. Those functions include not only the duty to protect a prisoner, but also the duty to effect his timely release." *Whirl v. Kern,* 407 F.2d 781, 792 (5th Cir.1969) (internal citations and footnote omitted).

*Porter v. Epps,* 659 F.3d 440, 445 (5th Cir. 2011). *Whirl v. Kern,* 407 F.2d 781, 792 (5th Cir. 1968) ("The tort of false imprisonment is an intentional tort. It is committed when a man intentionally deprives another of his liberty without the other's consent and without adequate legal justification. Failure to know of a court proceeding terminating all charges against one held in custody is not, as a matter of law, adequate legal justification for an unauthorized restraint. Were the law otherwise, Whirl's nine months could easily be nine years, and those nine years, ninety-nine years, and still as a matter of law no redress would follow. The law does not hold the value of a man's freedom in such low regard.")

There is no genuine dispute as to any material fact regarding the elements of false imprisonment. Both parties agree that Mr. McNeal was imprisoned at the Ealyn Hunt Correctional Center for 41 days following his correct release date. Although the elements of false imprisonment are established, Defendants' *Motion for Summary Judgment* and the Department of Correction's opposition, argue that there are procedural bars that apply to prohibit Plaintiff's claims.

b. *Does Heck v. Humphrey bar Plaintiff's claim?*

Defendants seek to apply *Heck v. Humphrey* to bar Plaintiff's claims relating to his overdetention in the Ealyn Hunt Correctional Center.[3] Chief Judge Shelly Dick, of this District

---

[3] As is clear from the complaint, Plaintiff was released from incarceration at the time his lawsuit was filed and one might understandably argue that, since he is no longer in custody and cannot seek habeas corpus relief, it is impossible for him to satisfy the favorable termination rule and therefore, if *Heck* applies literally, he is left with no remedy for his overdetention. Indeed, in his concurring opinion in *Heck,* Justice Souter anticipated this problem and thought *Heck* should not apply to persons released from custody because such persons, no longer having access to the habeas remedy, would be denied any federal forum in which to pursue their claim for deprivation of federal rights. 512 U.S. at 500 (Souter, J., concurring). Such a result would clearly run afoul of the aspiration, if not the rule, announced in *Marbury v. Madison,* 5 U.S. (1 Cranch) 137, 162-63 (1823): "If he has a right, and the right has been

22-30180.532

violated, do the laws of this country afford him a remedy? The very essence of civil liberty consists in the right of every individual to claim the protection of the laws, whenever he receives an injury. One of the first duties of government is to afford that protection." This ideal derives from the British common law: "that every right, when with-held, must have a remedy, and every injury its proper redress." William Blackstone, Commentaries on the Laws of England, 23; *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 162-63 (1823).

However, Justice Scalia, writing for the Court in *Heck*, countered Souter's concern this way:

Justice Souter also adopts the common-law principle that one cannot use the device of a civil law tort action to challenge the validity of an outstanding criminal conviction, but thinks it necessary to abandon that principle in those cases (of which no real-life example comes to mind) involving former prisoners who, because they are no longer in custody, cannot bring postconviction challenges. We think the principle of barring collateral attacks – a longstanding and deeply rooted feature of both the common law and our own jurisprudence – is not rendered inapplicable by the fortuity that a criminal is no longer incarcerated."

*Id.* at 490 n.10. A February 17, 2019 article from The Times-Picayune gives examples of prisoners who served more time than they were sentenced to serve. Richard Webster and Emily Lane, *Louisiana Routinely Jails People Weeks, Years After Their Release Dates*, https://expo.nola.com/news/g66I-2019/02/3eb5c1dfa86460/louisiana-routinely-jails-people-weeks-months-years-after-their-release-dates.html (last visited March 16, 2019).

Since *Heck*, some circuits (the Second, Fourth, Sixth, Seventh, Ninth, Tenth, and Eleventh) have adopted the approach suggested by Justice Souter's concurring opinion in *Heck*. *See Burd v. Sessler*, 702 F.3d 429, 435 n.3 (7th Cir. 2012); *Cohen v. Longshore*, 621 F.3d 1311, 1316–17 (10th Cir. 2010); *Wilson v. Johnson*, 535 F.3d 262, 267–68 (4th Cir. 2008); *Powers v. Hamilton Cty. Pub. Defender Comm'n*, 501 F.3d 592, 602–03 (6th Cir. 2007); *Harden v. Pataki*, 320 F.3d 1289, 1301–02 (11th Cir. 2003); *Nonnette v. Small*, 316 F.3d 872, 876–77 (9th Cir. 2002); *Huang v. Johnson*, 251 F.3d 65, 75 (2nd Cir. 2001); *see also* Alice Huang, *When Freedom Prevents Vindication: Why the Heck Rule Should Not Bar a Prisoner's § 1983 Action in Deemer v. Beard*, 56 B.C. L. Rev. E. Supplement 65 (2015); John P Collins, *Has All Heck Broken Loose? Examining Heck's Favorable Termination Requirement In the Second Circuit after Proventud v. City of New York*, 42 Fordham Urban L.R. 451 (December 2014).

But the Fifth Circuit is not among those which have taken the Souter view of *Heck*. *See Randell v. Johnson*, 227 F.3d 300 (5th Cir. 2000); *Black v. Hathaway*, 616 F. App'x 650 (5th Cir. 2015). In Black, the plaintiff argued that the 2004 case of *Muhammad v. Close*, 540 U.S. 749 (2004), had made clear that the issue of whether Heck applied to one released from incarceration is an undecided one, relying on footnote 2, which states "Members of the Court have expressed the view that unavailability of habeas for other reasons may also dispense with the *Heck* requirement. This case is no occasion to settle the issue." 540 U.S. at 752 n.2 (citations omitted).   But the Fifth Circuit rejected that argument, albeit with some hesitation: "We recognize that *Muhammad* comes into tension with our decision in *Randell*. Muhammed indicates that *Heck*'s statement that the favorable termination rule applies to former prisoners is dicta; *Randell*, in contrast, relied on the fact that the *Heck* court had reached an 'unequivocal []' holding to conclude that the rule extended to former prisoners. But *Muhammed* only stated that the application of the favorable-termination rule after a prisoner's release remains unsettled. *Muhammad* failed to effect a change in the law that would allow this panel to revisit the court's decision in *Randell*." Id. at 653-54; *See Walker v. Munsell*, No. 06-867-JJB-SCR, 2007 WL 3377202 (M.D. La. Oct. 1, 2007).

Were the Court deciding this issue with a clean state, it would endorse the conclusion and language of Judge Bennet of the Northern District of Iowa who, in adopting Justice Souter's position in *Heck*, stated that "[i]n order to ensure the protection of an individual right, more than mere enumeration of that right is required. Without also a means of redress, an individual right becomes illusory due to the inability to enforce that right." *Dible v. Scholl*, 410 F. Supp. 2d 807, 808 (N.D. Iowa 2006). Applying *Heck* to those no longer incarcerated would render those rights, in Judge Bennet's words, "nothing more than a mirage – appearing to exist at first glance, but transforming into an illusion upon careful inspection due to the lack of a federal forum in which to enforce them." *Id.* But, of course, the Court is bound by the Fifth Circuit's opinions in *Randell* and *Black*. If this case merely involved a formerly incarcerated individual bringing a § 1983 action, the Court would be bound to apply *Heck*. However, as the Court explains in this case, *Heck* does not apply because the false imprisonment claim does not challenge the validity or duration of his confinement.

22-30180.533

recently explained the applicability of *Heck v. Humphrey* in an overdetention case that is

factually similar to this case. Judge Dick stated:

> Defendants also move to dismiss Plaintiff's claims, arguing that the *Heck v. Humphrey* doctrine bars Plaintiff's claims because they bear on both the validity and duration of his confinement. In *Heck*, the Supreme Court held that a convicted person cannot collect damages for an unconstitutional conviction or imprisonment under Section 1983 unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal ..., or called into question by a federal court's issuance of a writ of habeas corpus." Such a complaint must be dismissed if a "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Plaintiff maintains that he does not, in any way, challenge his underlying conviction or sentence, and this *Heck* argument has been rejected by Louisiana district courts. Plaintiff is correct.

This Court rejected the same arguments raised by the DOC and LeBlanc in *Thomas v. Gryder.* The Court explained:

> The "favorable termination" requirement of Heck prohibits a criminal defendant's collateral attack on the defendant's conviction or sentence. Here, however, Plaintiff does not seek to collaterally attack either his conviction or his sentence. Instead, all parties agree that on January 23, 2013, Plaintiff pleaded guilty in Orleans Criminal District Court and was sentenced as follows: (1) Count 1: sexual malfeasance in prison – five years; (2) Count 2: sexual battery – two years; and (3) Count 3: second degree kidnapping – five years. The parties further agree that Plaintiff's correct release date was June 5, 2015. Nothing in the instant action would invalidate either Plaintiff's conviction or sentence, and Defendants cite the Court to no cases in which the unique fact pattern at issue here was considered. Accordingly, the Court finds that Plaintiff's claims are not *Heck* barred.

The *Traweek* court reached the same conclusion:

> By seeking to impose the *Heck* procedural bar to Mr. Traweek's claims, the defendants emphasize form over substance, begin from a faulty assumption, and ignore a critical component of *Heck* that is absent here. If Mr. Traweek succeeds on the merits, neither his underlying conviction for aggravated battery nor his seven-month sentence will be impliedly invalidated. *See id.* at 486, 114 S.Ct. 2364 (the favorable termination rule does not bar a § 1983 suit when "the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff."). Here, Mr. Traweek challenges neither his conviction nor his sentence. He accepts both. Therefore, the reasoning underlying *Heck*'s favorable termination prerequisite is simply not

16

implicated: it would be illogical to require Mr. Traweek to first seek to invalidate his conviction or sentence in order to proceed in this lawsuit. The constitutional violation he advances here is that he was imprisoned 20 days past his release date; he does not take issue with his criminal judgment of conviction or the sentence rendered, but, rather, challenges the constitutionality of the administration of his release after he had served his sentence. Mr. Traweek alleges that his jailers failed to timely release him once the legal basis to incarcerate him had expired by court order. The only conduct the factfinder will probe is that performed by jail officials in administering his release after his release date.

Another Section of this Court has rejected Secretary LeBlanc's attempt to invoke Heck in a factually-similar overdetention context, *Grant v. Gusman*, 17-cv-02797, R. Doc. 46 (E.D. La. March 27, 2018) (Brown, C.J.). There, the plaintiff, who had served seven years in state custody, was arrested upon his release based on a warrant issued years earlier for a different crime predating the one for which he served the seven-year prison term. The plaintiff pled guilty and the state court sentenced him to "a one year sentence, with credit for time served for the seven years he had just served." *Id.* at 3. Like Mr. Traweek, an administrative logjam between OPSO and DOC caused the plaintiff to be detained an additional 27 days after his sentencing, notwithstanding the state trial court's order (and the judge's email directly to OPSO's attorney directing) that Grant's release be expedited. *Id.* at 3-5. In moving to dismiss Grant's § 1983 claims, Secretary LeBlanc also invoked *Heck.* Chief Judge Brown rejected the argument, noting "[p]laintiff does not argue that his conviction or sentence were invalid.... [H]e contends that DOC Defendants violated his constitutional rights by failing to release him from prison. Therefore, *Heck v. Humphrey* is not applicable to this case." *Id.* at 32. This reasoning applies equally to Mr. Traweek, who, like Grant, challenges neither his conviction nor the length of his court-ordered sentence; he simply alleges that the overdetention by his jailers' failure to timely process his release following his court-ordered time-served judgment exceeds constitutional bounds.

Mr. Traweek's lawsuit, if successful, will not demonstrate or imply the invalidity of any criminal judgment or court-imposed sentence. He simply alleges that the procedures and action (or inaction) that caused him to be incarcerated for 20 days longer than his criminal judgment permitted unconstitutionally deprived him of his right to due process. *Heck*'s procedural bar is patently inapplicable.

Based on the foregoing, the Court finds that *Heck v. Humphrey* does not bar Plaintiff's claims relating to his alleged over-detention.

*Ellis Ray Hicks v. Department Of Public Safety & Corrections*, No. 19-108-SDD-RLB, 2020 WL 428116, at *6–9 (M.D. La. Jan. 27, 2020) (internal footnotes omitted); *see Thomas v. Gryder*,

No. CV 17-1595-EWD, 2019 WL 5790351, at \*4–5 (M.D. La. Nov. 6, 2019); *Chappelle v. Varano*, No. 4:11-CV-00304, 2013 WL 5876173, at \*12–13 (M.D. Pa. Oct. 30, 2013); *Leamer v. Fauver,* 288 F.3d 532, 542 (3d Cir. 2002); *Griffin v. Allegheny Cty. Prison*, No. CV 17 - 1560, 2018 WL 6413156, at \*4 (W.D. Pa. Nov. 5, 2018), *report and recommendation adopted,* No. CV 17-1560, 2018 WL 6411363 (W.D. Pa. Dec. 6, 2018).

The Court agrees with Judge Dick's analysis and holds that *Heck v. Humphrey* does not bar Plaintiff's claims relating to his overdetention. Defendant's *Motion for Summary Judgment* is DENIED on this issue.

    *c.  Is Plaintiff's claim barred because he failed to exhaust his administrative remedies?*

Plaintiff brings the following causes of action under federal law: (1) a § 1983 claim for the violation of Mr. McNeal's 14th Amendment Rights; and (2) a *Monell* liability claim and a failure to train/supervise claim against Secretary LeBlanc and Warden Hooper. (Doc. 1 at 6.) Defendants do not argue that Plaintiff's federal law claims should be dismissed for failure to exhaust administrative remedies, and therefore the Court does not address the applicability of the federal PLRA to Plaintiff's claims under federal law.

Plaintiff also brings the following causes of action under state law: (a) false imprisonment; (b) negligence; (c) violation of Article One, Section Two of the Louisiana Constitution; (d) *respondeat superior* liability against Secretary LeBlanc and Warden Hooper; and (e) indemnification of claims against any state employees. (Doc. 1.) Defendants argue that the LA PLRA applies to these state law claims and therefore the Court must dismiss the Plaintiff's state law claims because he did not exhaust his administrative remedies prior to filing suit.

22-30180.536

1. <u>The LA PLRA applies to state law claims pursued in federal court.</u>

Plaintiff argues that the Court should apply the federal PLRA, not the LA PLRA, because the case is proceeding in federal court. The Fifth Circuit explained that state law concerning an exhaustion requirement applies when courts apply state law, stating:

> Under the Supreme Court's decision in *Erie Railroad Co. v. Tompkins*, <u>304 U.S. 64</u>, <u>58 S.Ct. 817</u>, <u>82 L.Ed. 1188</u> (1938), federal courts hearing state-law claims apply state substantive law and federal procedural law. But the line between substance and procedure can be a murky one, and exhaustion requirements are among those "matters which, though falling within the uncertain area between substance and procedure, are rationally capable of classification as either." *Hanna v. Plumer*, <u>380 U.S. 460, 472</u>, <u>85 S.Ct. 1136</u>, <u>14 L.Ed.2d 8</u> (1965). Because the Federal Rules of Civil Procedure do not address administrative exhaustion, we determine whether we should treat the issue as substantive or procedural by looking to "the twin aims of the Erie rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws" . . . . *Id.* at 468, <u>85 S.Ct. 1136</u>. Litigants would engage in forum shopping if federal courts and state courts applied different administrative exhaustion regimes, because some claims could proceed in one court system but not the other. Further, it would be unfair for non-diverse litigants to be able to proceed in state court when diverse but otherwise identically situated litigants could not proceed because their case was in federal court. Thus, we treat administrative exhaustion as substantive for *Erie* purposes and therefore apply Mississippi law. *See Autobahn Imports, L.P. v. Jaguar Land Rover N. Am., L.L.C.*, <u>896 F.3d 340, 345</u> (5th Cir. 2018) ("Sitting in diversity, we apply Texas substantive law on the exhaustion question....").

*Lamar Co., L.L.C. v. Mississippi Transportation Comm'n*, <u>786 F. App'x 457, 460</u>–61 (5th Cir. 2019). Therefore, although this case is in federal court, the Court will apply the LA PLRA and not the federal PLRA to the alleged state law claims. *See Morales v. McCulloh*, No. CV 18-808-SDD-RLB, <u>2019 WL 2774324</u>, at *3 (M.D. La. July 2, 2019) (applying the LA PLRA to a former inmates state law claims); *Kleinpeter v. Kilbourne*, No. 13-357-JWD-RLB, <u>2015 WL 7568656</u>, at *8 (M.D. La. Nov. 24, 2015) (applying the LA PLRA).

2. <u>The LA PLRA does not apply because Mr. McNeal was not a "prisoner", and this is not a</u> <u>"prisoner suit."</u>

The LA PLRA states "No prisoner suit shall assert a claim under state law until such administrative remedies as are available are exhausted. If a prisoner suit is filed in contravention

of this Paragraph, the court shall dismiss the suit without prejudice." La. R.S. 15:1184A.(b)(2).

Prisoner suit is defined under the statute as:

> [A]ny civil proceeding with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include post conviction relief or habeas corpus proceedings challenging the fact or duration of confinement in prison.

La. R.S. 15:1181(2). Further, prisoner is defined as

> [A]ny person subject to incarceration, detention, or admission to any prison who is accused of, convicted of, sentenced for, or adjudicated delinquent for a violation of criminal law or the terms or conditions of parole, probation, pretrial release, or a diversionary program. Status as a "prisoner" is determined as of the time the cause of action arises. Subsequent events, including post trial judicial action or release from custody, shall not affect such status.

La. R.S. 15:1181(6); *see See Morales v. McCulloh*, No. CV 18-808-SDD-RLB, 2019 WL 2774324, at *3 (M.D. La. July 2, 2019) ("The Court finds that the provisions of the Louisiana PLRA apply to Morales' state law claims because her claims arose while she was incarcerated.")

Louisiana courts consistently hold that the LA PLRA exhaustion requirement applies to prisoner suits. *See Duhe v. St. John the Baptist Par. Sheriff's Dep't*, 17-599 p.8 (La. App. 5 Cir. 4/11/18), 245 So. 3d 1244, 1247, writ denied, 18-0764 (La. 9/21/18), 252 So. 3d 898 ("In the present case, the record is devoid of any evidence that Mr. Duhe pursued administrative remedies prior to filing this lawsuit in the trial court. Because Mr. Duhe failed to exhaust his administrative remedies prior to filing suit, the trial court lacked subject matter jurisdiction to consider his claims."); *see Morales v. McCulloh*, No. CV 18-808-SDD-RLB, 2019 WL 2774324, at *3 (M.D. La. July 2, 2019).

Plaintiff argues that he is not a prisoner under the statute because once Mr. McNeal's sentence expired, he was no longer a person "accused of, convicted of, sentenced for, or adjudicated delinquent" of any crime. Defendant argues that because Plaintiff was confined in

22-30180.538

the Elayn Hunt Correctional Center, he is considered a prisoner and that this is a "prisoner suit."[4] The plain language of the statute supports Plaintiff's reasoning that he was not a prisoner. Once he had served all 90 days of his sentence, he was no longer a prisoner because he was not "subject to incarceration, detention, or admission to any prison who is accused of, convicted of, sentenced for, or adjudicated delinquent for" any criminal law. *See Williams v. Block*, No. CIV.97-3826 WJR, 1999 WL 33542996, at *6 (C.D. Cal. Aug. 11, 1999) ("Here, Plaintiffs were entitled to be released and were then detained for varying periods of time until their release could be effectuated. Therefore, Plaintiffs were not "prisoners" within the meaning of § 1997e(h) as they did not fit into any of the definitions provided therein. Indeed, "[c]ontinued confinement cannot legally make [a plaintiff] a 'prisoner' when the jail term has expired; in the eyes of the law plaintiff is no longer a 'prisoner." ' *Sullivan,* 12 Cal.3d at 717."); *see Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011) ("[A] jailer has a duty to ensure that inmates are timely released from prison.")

As Defendant points out, however, the definition of "prisoner suit" is broader and encompasses "the effects of actions by government officials on the lives of persons confined in prison." Therefore, Defendant reasons that although Mr. McNeal was no longer a prisoner, during his overdetention he was a "person confined in prison" making this case a prisoner suit.

---

[4] The Louisiana Third Circuit Court of Appeals ruled that the LA PLRA did not apply to a suit in which the plaintiff alleged malicious prosecution and false imprisonment against the district attorney and sheriff for his arrest and prosecution. *Godfrey v. Reggie*, 11-1575 p. 12 (La. App. 3 Cir. 5/2/12), 94 So. 3d 82, 84. The court reasoned:

> the PLRA defines a "prisoner suit" or a "civil action with respect to prison conditions" as "any civil proceeding with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include post conviction relief or habeas corpus proceedings challenging the fact or duration of confinement in prison." La.R.S. 15:1181. The plaintiff's suit does not, as contemplated by La.R.S. 15:1181, challenge the conditions of his confinement or the effects of actions by government officials on his life. Accordingly, we find no merit to the plaintiff's argument concerning the applicability of the PLRA to his suit.

*Godfrey*, 94 So. 3d 82, 91. While *Godfrey* acknowledges that the tort of false imprisonment may fall outside the bounds of the LA PLRA, the plaintiff in *Godfrey* did not allege any claims against the Department of Corrections and is therefore not applicable.

21

22-30180.539

However, Louisiana courts also recognize that the PLRA does not extend to all matters concerning incarceration. *Frederick v. Ieyoub*, 99-0616 p.7 (La. App. 1 Cir. 5/12/00), 762 So. 2d 144, 149, *writ denied,* 00-1811 (La. 4/12/01), 789 So. 2d 581. Specifically, when examining if the PLRA's strike provisions applied to suits challenging the duration of confinement, the Louisiana First Court of Appeals explained:

> The PLRA was enacted by Acts 1997, No. 731, § 1, and became effective on July 9, 1997. The purpose of enacting the PLRA was to provide for civil actions with respect to prison conditions. The definition provision of the PLRA, La.R.S. 15:1181, shows that the legislative intent was to provide for civil actions with respect to prison conditions or effects of officials' actions on prisoners' lives, as opposed to matters concerning incarceration vel non.

> The language of La.R.S. 15:1187, when read in the context of the PLRA as a whole, indicates that the [PLRA strike] sanction is not to apply to all types of civil actions that a prisoner possibly could bring, but only those with respect to prison conditions or officials' actions affecting the lives of those confined in prison. Thus, an action concerning supervision of a person no longer incarcerated does not appear to be an action that might trigger the sanction. Certainly, the sanction would not appear to apply if a person waited until after release from incarceration (even if still on parole) to bring the action.

> The legislative intent of enacting the PLRA and the definition section of the act create, at the very least, an ambiguity as to whether the sanction provisions in La.R.S. 15:1187 are to apply to all civil actions filed by prisoners who are incarcerated or detained, or just to those civil actions that challenge a condition of their confinement or the effects of actions by government officials on their lives.

*Frederick v. Ieyoub*, 99-0616 p.8-9 (La. App. 1 Cir. 5/12/00), 762 So. 2d 144, 149, *writ denied,* 00-1811 (La. 4/12/01), 789 So. 2d 581; *see Williams v. LaSalle Corr. Ctr. L.L.C.*, 51,260 p.4 (La. App. 2 Cir. 4/5/17), 217 So. 3d 1219, 1222, *writ denied,* 17-0759 (La. 9/22/17), 227 So. 3d 825, ("The definition provision of the PLRA, La. R.S. 15:1181, shows that the legislative intent was to provide for civil actions with respect to prison conditions or effects of officials' actions on prisoners' lives, as opposed to matters concerning incarceration *vel non*.").

The Fifth Circuit addressed Louisiana's administrative remedies in *Dillon v. Rogers,* 596 F.3d 260 (5th Cir. 2010). There, the Fifth Circuit explained the availability of administrative remedies under the Louisiana grievance process:

> When "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint," exhaustion is not required under the PLRA because there is no "available" remedy. *Booth v. Churner,* 532 U.S. 731, 736, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *see also Days v. Johnson*, 322 F.3d 863, 867–68 (5th Cir.2003) (per curiam) (finding remedy "unavailable" when prisoner's injury prevented him from filing grievance), overruled by implication on other grounds by *Jones*, 549 U.S. at 216, 127 S.Ct. 910.

*Dillon,* 596 F.3d at 267 (emphasis added). Because a prisoner suit excludes an action seeking a writ of habeas corpus, the Administrative Remedy Procedure is not available as it does not apply to any action seeking habeas corpus relief.  La. Admin. Code Pt I, tit. 22, § 325.

As recognized by the Louisiana Courts of Appeals, suits brought challenging the duration of an individual's confinement do not challenge the "the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison." La. R.S. 15:1181. Although this is not a habeas corpus case, Plaintiff's state law claims challenge the fact that he was confined without authority, not the conditions of his confinement or the effects of actions of the government officials on his life while he was confined in prison. If Plaintiff were still incarcerated and seeking to be released, he would file a writ of habeas corpus and the LA PLRA would not apply. It seems illogical to the Court that the exhaustion provisions of the LA PLRA would apply to an action of an individual who is no longer confined to prison, seeking damages for the 41 days that the Department of Corrections kept him in prison admittedly without legal authority, when it would not apply to the same facts for a person currently incarcerated seeking habeas corpus relief.

23

This case is not like the case of a currently incarcerated prisoner, who is seeking a recalculation of good time credits or damages because the Department of Corrections calculations differ from those of the plaintiffs. The Department of Corrections made no administrative decisions in calculating the amount of time Mr. McNeal would serve; both parties agree that Mr. McNeal was sentenced to and served his 90-day incarceration.

Therefore, the Court holds that the LA PLRA does not apply to Mr. McNeal on his state law claims relating to his overdetention in the Elayn Hunt Correctional Center. Defendants' *Motion for Summary Judgment* is DENIED on this issue.

<u>CONCLUSION</u>

**IT IS ORDERED** that Plaintiff's *Motion for Summary Judgment on False Imprisonment Claim* (<u>Doc. 12</u>) is **GRANTED**;

**IT IS FURTHER ORDERED** that the *Motion for Summary Judgment* (<u>Doc. 17</u>) is **DENIED**.

Signed in Baton Rouge, Louisiana, on February 18, 2020.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

24

22-30180.542


TAB 3

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**BRIAN MCNEAL**

**VERSUS**                                              **CIVIL ACTION**

**LOUISIANA DEPARTMENT OF**              **NO.   18-736-JWD-EWD**
**PUBLIC  SAFETY & CORRECTIONS**
**ET AL.**

## ORDER

For written reasons to be assigned,

**IT IS ORDERED** that the *Motion to Dismiss Plaintiff's Second Amended Complaint* (Doc. 93) filed Defendants, State of Louisiana, through the Department of Public Safety & Corrections ("DPSC" or "DOC"), Secretary James M. LeBlanc ("LeBlanc"), and Breunkia Collins ("Collins") (collectively "Defendants") is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted in that the following claims are **DISMISSED WITH PREJUDICE**: (1) Plaintiff's demand for declaratory relief; (2) Plaintiff's Section 1983 claims for monetary damages against LeBlanc in his official capacity; and (3) Plaintiff's state law claims for monetary damages against LeBlanc in his official capacity. In all other respects, Defendants' motion is **DENIED**.

Signed in Baton Rouge, Louisiana, on March 31, 2022.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

1


TAB 4

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRIAN MCNEAL** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 18-736-JWD-EWD** |
| | * | |
| **LOUISIANA DEPARTMENT OF** | * | **JUDGE JOHN W. deGRAVELLES** |
| **PUBLIC SAFETY &** | * | |
| **CORRECTIONS, ET AL.** | * | **MAG. JUDGE ERIN WILDER-DOOMES** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## <u>NOTICE OF APPEAL</u>

**PLEASE TAKE NOTICE:**

Defendant James M. LeBlanc hereby notifies this Court and all parties to this action that he is taking an appeal, to the United States Fifth Circuit Court of Appeals, from the Order issued by Judge deGravelles on March 31, 2022. Rec. Doc. 108.

Respectfully Submitted <u>on April 12, 2022,</u>

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY:     <u>*s/Phyllis E. Glazer*</u>
**PHYLLIS E. GLAZER (#29878)** (Lead Counsel)
**ASSISTANT ATTORNEY GENERAL**

**Louisiana Department of Justice**
Litigation Division, Civil Rights Section
1885 North Third Street, 4th Floor
Post Office Box 94005 (70804-9005)
Baton Rouge, Louisiana 70802
Telephone:    225-326-6300
Facsimile:    225-326-6495
E-mail:        <u>GlazerP@ag.louisiana.gov</u>
*Attorney for James M. LeBlanc, Terry Lawson,*
*Angela Griffin, Sally Gryder, and Tracy Dibenedetto*

1

TAB 5

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**BRIAN MCNEAL**

**VERSUS**                                      **CIVIL ACTION**

**LOUISIANA**                                   **NO.  18-736-JWD-EWD**
**DEPARTMENT OF PUBLIC**
**SAFETY & CORRECTIONS ET AL**

## RULING AND ORDER

This matter comes before the Court on the *Motion to Dismiss Plaintiff's Second Amended Complaint* (Doc. 93) filed by Defendants, State of Louisiana, through the Department of Public Safety & Corrections ("DPSC" or "DOC"), Secretary James M. LeBlanc ("LeBlanc"), and Breunkia Collins ("Collins") (collectively, "Defendants"). Plaintiff Brian McNeal ("Plaintiff") opposes the motion. (Doc. 97.) Defendants filed a reply. (Doc. 98.) Defendants also filed a supplemental memorandum in support of their motion. (Doc. 106.) Plaintiff filed a response to Defendants' supplemental memorandum. (Doc. 107.) Oral argument is not necessary. The Court has carefully considered the law, the facts alleged in the *Second Amended Complaint* ("Amended Complaint") (Doc. 91), and the arguments and submissions of the parties and is prepared to rule. For the following reasons, the motion is granted in part and denied in part.

## I.    Relevant Factual Background

This lawsuit arises from an over-detention claim brought by Plaintiff. (Doc. 91 at ¶ 14.) In the Amended Complaint, Plaintiff alleges that he was held in prison for 41 days beyond his legal release date. (*Id.* at 4–7.) The Amended Complaint alleges that, following Plaintiff's arrest for a parole violation, on August 3, 2017, Plaintiff's probation was revoked, and he was sentenced to

22-30180.991

serve 90 days at the Steve Hoyle program in the Bossier Parish Correctional Center. (*Id*. at ¶¶ 21–23.)

Plaintiff alleges that, on August 22, 2017, Collins, a DOC employee (*id*. at ¶ 17), sent a release letter to the Steve Hoyle program directing that Plaintiff be released on November 1, 2017. (*Id*. at ¶ 24.) A week later, however, Plaintiff was transferred from the Orleans Parish Prison to the DOC's Elayn Hunt Correctional Center ("Hunt") near Baton Rouge. (*Id*. at ¶ 26.) Plaintiff was not transferred to the Steve Hoyle program thereafter; instead, he remained incarcerated at Hunt. (*Id*. at ¶ 27.) Plaintiff alleges that Collins specifically knew that his release letter had been sent to the Steve Hoyle program and that Plaintiff was being housed at Hunt, but she did nothing to correct this problem. (*Id*. at ¶¶ 30–32.) Nor did any other Defendant take steps to ensure that Plaintiff's release letter got to the correct facility, according to the Amended Complaint. (*Id*. at ¶ 32.) As a result, Plaintiff alleges that he was not released on November 1, 2017, as legally required. (*Id*. at ¶ 36.)

After several inquiries were made on Plaintiff's behalf (*id*. at ¶¶ 37–45), on December 11, 2017, DOC headquarters emailed a letter to Hunt authorizing Plaintiff's release as of November 1, 2017 and explaining that he "was thought to be at a different facility." (*Id*. at ¶ 46.) The following day—41 days after his legal release date—Plaintiff's lawyer called the Warden's Office at Hunt to ask why Plaintiff was still in custody, and Plaintiff was released. (*Id*. at ¶¶ 50–51.)

Plaintiff alleges that DPSC has a well-documented and known pattern of over-detention. (*Id*. at ¶ 73.) In the Amended Complaint, Plaintiff details the findings of the Louisiana Legislative Auditor report (*id*. at ¶¶ 85–94), which found that "the DOC had a serious problem of not knowing where its inmates were located, or when their proper release date was." (*Id*. at ¶ 9.) Plaintiff also alleges that "the DOC's own counsel," Attorney General Jeff Landry, admitted to the pattern of

2

over-detention in a March 8, 2018 op-ed, in which he conceded that there "is a layer of incompetence so deep that the Corrections Department doesn't know where a prisoner is on any given day of the week or when he should actually be released from prison." (*Id.* at ¶ 12.)

Plaintiff filed his *Second Amended Complaint* on December 22, 2020, asserting various causes of action against Defendants DPSC, LeBlanc, and Collins. (Doc. 91.) Plaintiff asserts a claim for violation of his Fourteenth Amendment Due Process rights under the U.S. Constitution (Count 3) (*id.* at ¶¶ 195–97) and a *Monell* failure to train/supervise claim (Count 5) (*id.* at ¶¶ 201–32) against LeBlanc. Plaintiff also asserts state law claims for false imprisonment (Count 1) (*id.* at ¶¶ 185–89), negligence (Count 2) (*id.* at ¶¶ 190–94), violation of his rights under the Louisiana Constitution (Count 4) (*id.* at ¶¶ 198–200), *respondeat superior* (Count 6) (*id.* at ¶¶ 233–34), and indemnification (Count 7) (*id.* at ¶¶ 235–37). Defendants now move for dismissal with prejudice of all claims in Plaintiff's Amended Complaint. (Doc. 93.)

## II.    Rule 12(b)(6) Standard

"Federal pleading rules call for a 'short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of a legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (citation omitted).

Interpreting Rule 8(a) of the Federal Rules of Civil Procedure, the Fifth Circuit has explained:

> The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. "Asking for [such] plausible grounds to infer [the element of a claim] *does not impose a probability requirement* at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]."

*Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

> Applying the above case law, the Western District of Louisiana has stated:

> Therefore, while the court is not to give the "assumption of truth" to conclusions, factual allegations remain so entitled. Once those factual allegations are identified, drawing on the court's judicial experience and common sense, the analysis is whether those facts, which need not be detailed or specific, allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." [*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)]; *Twombly*, 55[0] U.S. at 556. This analysis is not substantively different from that set forth in *Lormand*, *supra*, nor does this jurisprudence foreclose the option that discovery must be undertaken in order to raise relevant information to support an element of the claim. The standard, under the specific language of Fed. R. Civ. P. 8(a)(2), remains that the defendant be given adequate notice of the claim and the grounds upon which it is based. This standard is met by the "reasonable inference" the court must make that, with or without discovery, the facts set forth a plausible claim for relief under a particular theory of law provided that there is a "reasonable expectation" that "discovery will reveal relevant evidence of each element of the claim." *Lormand*, 565 F.3d at 257; *Twombly*, 55[0] U.S. at 556.

*Diamond Servs. Corp. v. Oceanografia, S.A. De C.V.*, No. 10-00177, 2011 WL 938785, at *3 (W.D. La. Feb. 9, 2011) (citation omitted).

In deciding a Rule 12(b)(6) motion, all well-pleaded facts are taken as true and viewed in the light most favorable to the plaintiff. *Thompson v. City of Waco*, 764 F.3d 500, 502–03 (5th Cir. 2014). The task of the Court is not to decide if the plaintiff will eventually be successful, but to determine if a "legally cognizable claim" has been asserted. *Id*. at 503.

**III.    Discussion**

### A.    Plaintiff's Requested Remedies

Defendants argue that certain "remedies" requested in the Amended Complaint should be dismissed as a matter of law. (Doc. 93-1 at 5.)

First, Defendants assert that Plaintiff's demand for "declaratory relief" should be dismissed because it fails to provide notice of "the legal or factual basis of the claim." (*Id*. at 6 (referencing

4

Doc. 91 at ¶ 238(A)).) In response, Plaintiff states that "he will withdraw his claim for declaratory relief." (Doc. 97 at 2.) Accordingly, Defendants' motion on this issue is granted, and Plaintiff's claim for declaratory relief is dismissed.

Second, Defendants contend that Plaintiff's claim for attorney's fees under Louisiana law must be dismissed because Louisiana law provides for recovery of such fees only if they are authorized by statute or contract. (Doc. 93-1 at 6 (referencing Doc. 91 at ¶ 238(D)).) In response, Plaintiff clarifies that his Amended Complaint does not suggest that he seeks recovery of attorney's fees under Louisiana law. (Doc. 97 at 2.) Accordingly, Defendants' motion on this issue is denied as moot.

Third, Defendants argue that Plaintiff's demand for "other and further relief, at law or in equity (but not injunctive relief), to which Plaintiff may be justly entitled" should be dismissed for failure to provide notice of the claim and the grounds upon which it is based. (Doc. 93-1 at 6 (referencing Doc. 91 at ¶ 238(E)).) Defendants likewise seek dismissal of Plaintiff's request for relief as to "any and all other causes of action [that] may become known through a trial of this matter on its merits against any and all other parties which are herein named . . . ." (*Id*. (citing Doc. 91 at ¶ 239).) Defendants seek dismissal of this allegation on the same grounds. (*Id*. at 6–7.) Notably, Defendants cite no authority to support their contention that such general prayers for relief are impermissible and fail to satisfy the minimum pleading requirements of Federal Rule of Civil Procedure 8. Additionally, as Plaintiff points out in his opposition, this general prayer for other relief mirrors the text of Rule 54(c). (Doc. 97 at 2–3 (referencing Fed. R. Civ. P. 54(c)).). Accordingly, Defendants' motion on this issue is denied.

22-30180.995

### B.  Official Capacity Claims Against LeBlanc

Defendants submit that all claims against LeBlanc in his official capacity as Secretary of the DPSC either have been or should be dismissed because they are duplicative of the claims against DPSC. (Doc. 93-1 at 8.) In response, "Plaintiff agrees that there are no official capacity claims against Secretary LeBlanc." (Doc. 97 at 3.) Accordingly, Defendants' motion on this issue is granted, and any official capacity claims against LeBlanc are dismissed.

### C.  State Law Claim for False Imprisonment Against DPSC and LeBlanc

Defendants move to dismiss Plaintiff's false imprisonment claim against DPSC and LeBlanc. (Doc. 93-1 at 9.) Defendants first argue that the Court may properly dismiss Plaintiff's false imprisonment claim as to both Defendants, notwithstanding the Court's prior ruling granting partial summary judgment in Plaintiff's favor, since an amended complaint generally renders moot a motion for summary judgment on the original complaint. (*Id*. at 9–10.)

Defendants then assert that "there is no cause of action for 'false imprisonment' pleaded in this lawsuit," such that Count 1 of Plaintiff's Amended Complaint should be dismissed with prejudice in its entirety as to all defendants. (*Id*. at 10.) In support of this assertion, Defendants argue that Plaintiff's over-detention claim is not actionable under Louisiana's false imprisonment law. (*Id*.) Defendants further contend that because plaintiff "was duly convicted and sentenced to DPSC custody, DPSC had the legal authority to detain the Plaintiff and the false arrest/imprisonment claim should be dismissed." (*Id*. at 11.)

Defendants further argue that the legality of Plaintiff's detention and the liability of each Defendant for Plaintiff's over-detention claim should be evaluated under Louisiana's duty-risk analysis. (*Id*. at 11–12.) Alternatively, Defendants argue that LeBlanc is entitled to judgment on this claim, even under Plaintiff's theory of liability for false imprisonment. (*Id*. at 12.)

22-30180.996

Plaintiff responds that "the law of the case doctrine bars Defendants' collateral attacks" on the issue of false imprisonment, which was already resolved by this Court's ruling granting partial summary judgment in Plaintiff's favor on the tort of false imprisonment. (Doc. 97 at 3 (referencing Doc. 56).) Next, Plaintiff contends that, even if Defendants' false imprisonment arguments were not barred by the law of the case doctrine, they lack merit. (*See id*.) Plaintiff cites to Louisiana Supreme Court case law for the proposition that, under Louisiana law, false imprisonment is "restraint without color of legal authority." (*See id*. at 3–4.) Plaintiff adds that "[a]n order of temporary imprisonment does not give the DOC permission to incarcerate someone indefinitely." (*Id*. at 4.) Plaintiff also rejects Defendants' assertion that his claim should be analyzed under Louisiana's duty-risk framework for general negligence. (*See id*.) Plaintiff maintains that no such analysis is required because negligence is not a requisite element of the false imprisonment tort under Louisiana law. (*See id*.) Finally, Plaintiff argues that he does not need to prove LeBlanc personally detained him to assert a false imprisonment claim against LeBlanc, since part of LeBlanc's responsibilities as Secretary involve holding inmates for the length of their sentences. (*See id*. at 4–5.)

"Under Louisiana law, '[f]alse imprisonment is the unlawful and total restraint of the liberty of the person.'" *Hernandez v. Theriot*, 709 F. App'x 755, 757–58 (5th Cir. 2017) (quoting *Kelly v. W. Cash & Carry Bldg. Materials Store*, 745 So.2d 743, 750 (La. Ct. App. 1999) (emphasis omitted)). "It consists of the following two essential elements: (1) detention of the person; and (2) the unlawfulness of the detention." *Id*. (quoting *Kennedy v. Sheriff of E. Baton Rouge*, 935 So.2d 669, 690 (La. 2006)).

Initially, the Court declines to revisit its previous *Ruling and Order* granting summary judgment in Plaintiff's favor on his claim for false imprisonment. (*See* Doc. 56.) Moreover, upon

further consideration of the matter, the Court agrees with its prior *Ruling and Order* granting summary judgment on the issue of false imprisonment under Louisiana law. (*See id*.) For that reason, Defendants' motion is denied as to this claim.

### D.  State Law Claim for Negligence Against All Defendants

Defendants also move to dismiss Plaintiff's negligence claim against DPSC, LeBlanc, and Collins. (Doc. 93-1 at 13.) Defendants argue that Plaintiff engaged in impermissible "shotgun" pleading in violation of Rule 8. (*Id*.) Specifically, they contend that Plaintiff's negligence allegations fail to distinguish between the actions of each Defendant. (*See id*.) The Amended Complaint, according to Defendants, "offers no explanation for the apparent allegation that [DPSC], [LeBlanc], and [Collins] share 'duties' that would subject them to personal liability under Louisiana law." (*Id*.)

Next, in response to Plaintiff's allegation that "due to their professional roles as jailors, Defendants owed duties to avoid overdetention to persons in their custody," Defendants assert that no facts in the Amended Complaint identify LeBlanc or Collins as a "jailor." (*Id*. at 14.) Instead, "DPSC was the undeniable jailor of the Plaintiff," according to Defendants (*Id*.)

Similarly, in response to Plaintiff's allegation that "Defendants had a duty to ensure that [Plaintiff's] release letter wound up in the facility he was actually held in," Defendants assert that there are no facts to support the contention that LeBlanc "owed the Plaintiff some special duty with regard to paperwork." (*Id*. at 14–15.) Finally, Defendants re-urge their "shotgun pleading" argument and aver that Plaintiff must be required to distinguish the negligence claims against each Defendant, or else all such claims should be dismissed. (*Id*. at 15.)

In response, Plaintiff maintains that the concept of LeBlanc and other DPSC employees sharing in the responsibility of ensuring inmates' timely release is reflected in testimony given by

22-30180.998

LeBlanc himself in another case. (*See* Doc. 97 at 5–6.) Plaintiff also cites to federal and state court

case law recognizing the duty to timely release inmates as to DPSC employees and jailors. (*See id*.

at 6.) Plaintiff thus concludes that Defendants' motion as to this claim should be denied. (*Id*.)

Construing the allegations of the Amended Complaint in a light most favorable to Plaintiff

and drawing all inferences in his favor, the Court finds that the Amended Complaint, on its face,

contains enough factual matter, when accepted as true, to raise a reasonable expectation that

discovery will reveal relevant evidence that each Defendant breached the duties they owed to

Plaintiff to ensure his timely release. Regarding LeBlanc, specifically, the Court finds that the

Amended Complaint contains enough factual matter to support a reasonable inference that

LeBlanc breached the duties he owed as the DPSC Secretary to Plaintiff and other inmates by

implementing policies that were a legal cause of Plaintiff's over-detention. *See Lormand*, 565 F.3d

at 257; *Tredick v. Ekugbere*, No. 17-103, 2018 WL 5504157, at *3–4 (M.D. La. Oct. 29, 2018)

(deGravelles, J.) (describing elements of negligence claim). Consequently, the Court denies the

motion to dismiss Plaintiff's negligence claim against all three Defendants.

### E.  LeBlanc's Entitlement to Qualified Immunity

#### 1. Parties' Arguments

In support of their motion, Defendants argue that, despite Plaintiff's opportunity to amend

to cure the deficiencies identified in the Court's previous ruling, Plaintiff's Amended Complaint

fails to overcome LeBlanc's qualified immunity defense. (*See* Doc. 93-1 at 15–16.) Specifically,

Defendants maintain that "Plaintiff has failed to plead the violation of a constitutional right whose

contours were so clear that every official would know that [LeBlanc's] negligence could violate

that right." (*Id*. at 20.) Defendants further contend that Plaintiff's Amended Complaint fails to

demonstrate that LeBlanc acted with deliberate indifference to violations of others' constitutional

22-30180.999

rights by sufficiently alleging a pattern of similar constitutional violations. (*Id*. at 20–22.) Plaintiff's allegations claiming that DPSC has a well-documented pattern of overdetention are conclusory, according to Defendants, and insufficient to overcome LeBlanc's qualified immunity. (*Id*. at 22.) Finally, Defendants assert that the Amended Complaint lacks factual allegations to support Plaintiff's claim against LeBlanc for failing to train or supervise subordinates. (*Id*. at 23.) Defendants contend that "Plaintiff does not allege or explain what training was given, or not given, and how the training affected, or should have affected, Plaintiff's detention." (*Id*.) Defendants conclude that the failure to train/supervise claim must be dismissed. (*Id*.)

Plaintiff responds that LeBlanc should be denied qualified immunity. (*See* Doc. 97 at 6.) In support of this assertion, he points to the allegations added to his Amended Complaint, which, according to Plaintiff, further detail (1) the pattern and scope of the overdetention problem, (2) LeBlanc's personal knowledge of the problem, and (3) how failures in training and discipline led to over-detentions like Plaintiff's. (*Id*. at 7 (citing Doc. 91 at ¶¶ 52–72, 75–183).) Plaintiff maintains that these allegations remedy the issues identified in the Court's ruling on Defendants' previous motion to dismiss. (*See id*. at 6–7 (referencing Doc. 88 at 38–39).)

In reply, Defendants reiterate that Plaintiff's allegations regarding "a broad pattern of overdetention," "knowledge," and causation do not satisfy Plaintiff's burden of overcoming LeBlanc's qualified immunity defense. (Doc. 98 at 7.) Defendants add: "The Plaintiff has completely failed to identify a *particular* problem with a policy or the training program and to explain how that problem caused the alleged constitutional violation in this case." (*Id*. at 9–10.) Defendants therefore maintain that LeBlanc is entitled to qualified immunity. (*See id*. at 10.)

10

### 2. Applicable Law

"Qualified immunity provides government officials performing discretionary functions with a shield against civil damages liability, so long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Gobert v. Caldwell*, 463 F.3d 339, 345 (5th Cir. 2006) (citing *Anderson v. Creighton*, 483 U.S. 635, 638 (1987)). "In determining whether an official enjoys immunity, we ask (1) whether the plaintiff has demonstrated a violation of a clearly established federal constitutional or statutory right and (2) whether the official's actions violated that right to the extent that an objectively reasonable person would have known." *Id.* (citing *Hope v. Pelzer*, 536 U.S. 730 (2002)). Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

"A supervisory official may be held liable ... only if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) (quoting *Gates v. Tex. Dep't of Prot. & Reg. Servs.*, 537 F.3d 404, 435 (5th Cir. 2008)). "In order to establish supervisor liability for constitutional violations committed by subordinate employees, plaintiffs must show that the supervisor act[ed], or fail[ed] to act, with *deliberate indifference* to violations of others' constitutional rights committed by their subordinates." *Id.* (quoting *Gates*, 537 F.3d at 435 (internal quotation marks and citation omitted)).

"'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005) (quoting *Bd. of Cnty. Comm'rs of*

*Bryan Cnty. v. Brown*, 520 U.S. 397, 410 (1997)). "For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (quoting *Smith v. Brenoettsy*, 158 F.3d 908, 912 (5th Cir. 1998)). "Deliberate indifference requires a showing of more than negligence or even gross negligence." *Id.* (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 453 (5th Cir. 1994) (en banc)). "Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference and do not divest officials of qualified immunity." *Id.* (quoting *Alton v. Tex. A&M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999)).

Additionally, "[a] failure to adopt a policy can be deliberately indifferent when it is obvious that the likely consequences of not adopting a policy will be a deprivation of constitutional rights." *Porter*, 659 F.3d at 446 (quoting *Rhyne v. Henderson Cnty.*, 973 F.2d 386, 392 (5th Cir. 1992)). Nevertheless, "[l]iability for failure to promulgate policy ... require[s] that the defendant ... acted with deliberate indifference." *Id.* As the Fifth Circuit stated with respect to "failure-to-train" claims:

> To establish that a state actor disregarded a known or obvious consequence of his actions, there must be actual or constructive notice that a particular omission in their training program causes ... employees to violate citizens' constitutional rights and the actor nevertheless chooses to retain that program. A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference, because without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights. Without cabining failure-to-train claims in this manner (or, logically, failure-to-promulgate-policy claims), a standard less stringent than deliberate indifference would be employed, and a failure-to-train claim would result in *de facto respondeat* superior liability.

*Porter*, 659 F.3d at 447 (citations, alterations, and quotations omitted).

As to the other prong of the Court's analysis, "[q]ualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (per curiam) (quoting *White v. Pauly*, 137 S. Ct. 548, 551 (2017) (per curiam) (alterations and internal quotation marks omitted)). "Because the focus is on whether the officer had fair notice that her conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct." *Id.* (quoting *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (per curiam)).

"Although '[the Supreme] Court's caselaw does not require a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate.'" *Id.* (quoting *White*, 137 S. Ct. at 551 (internal quotation marks omitted)). "'In other words, immunity protects all but the plainly incompetent or those who knowingly violate the law.'" *Id.* (quoting *White*, 137 S. Ct. at 551 (internal quotation marks omitted)). "Of course, general statements of the law are not inherently incapable of giving fair and clear warning to officers." *Id.* at 1153 (quoting *White*, 137 S. Ct. at 552 (internal quotation marks omitted)). "But ... [a]n officer 'cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it.'" *Id.* (quoting *Plumhoff v. Rickard*, 572 U.S. 765, 779 (2014)).

In this Court's prior ruling on Defendants' Rule 12(b)(6) motion, *McNeal v. Louisiana Dept. of Pub. Safety & Corr.*, No. 18-736, 2020 WL 7059581 (M.D. La. Dec. 2, 2020) (Doc. 88), the Court applied the foregoing standard and found that Plaintiff failed to allege a constitutional violation by LeBlanc to support his individual capacity claim. *See McNeal*, 2020 WL 7059581, at *19–*23. Regarding the deliberate indifference component of Plaintiff's claim, this Court explained:

22-30180.1003

Plaintiff has, at this point, failed to adequately allege deliberate indifference. Plaintiff points to a state court law suit where DPSC employees testified about the deficiencies, but he fails to link this suit and this pattern to LeBlanc in such a way to establish that LeBlanc actually drew the inference that there was a substantial risk of harm to Plaintiff and other inmates. Further, Plaintiff alleges that Attorney General Landry was aware of the problem and that there was a Louisiana Audit report documenting it, but he fails to allege, even on information and belief, that LeBlanc was aware of what Landry said in the op-ed or of what was contained in the audit.

*Id.* at *21.

### 3. Analysis

Having carefully considered the matter, and upon further consideration of the Court's prior ruling, the Court finds that Plaintiff has stated a viable individual capacity claim against LeBlanc.

First, Plaintiff has sufficiently alleged a constitutional violation by LeBlanc. The Amended Complaint describes a widespread pattern of overdetention at the DPSC, which was so well-settled as to constitute "*de facto* policy." (*See* Doc. 91 at ¶ 202.) Plaintiff alleges that, the day before he was incarcerated, "the Louisiana Legislative Auditor released a report finding that the DOC had a serious problem of not knowing where its inmates were located, or when their proper release date was." (*Id.* at ¶ 9.) Further, Plaintiff's allegations suggest that LeBlanc was aware of this report. (*See id.* at ¶¶ 127, 129–30, 228.) Plaintiff also avers that in 2018, Defendants' own lawyer, the Attorney General, wrote an op-ed conceding that there "is a layer of incompetence so deep that the Corrections Department doesn't know where a prisoner is on any given day of the week or when he should actually be released from prison." (*Id.* at ¶ 12.)

Additionally, Plaintiff alleges that "multiple DOC employees testified" in *Chowns v. LeBlanc*, La. 37th JDC 26-932—a case in which LeBlanc was sued (*see id.* at ¶ 122)—regarding a well-documented pattern of over-detention. (*See id.* at ¶ 73.) For instance, DOC employee Tracy Dibenetto testified that DOC staff "discovered approximately one case of overdetention per week

for the last nine years," with some inmates "incorrectly incarcerated for periods of up to a year." (*Id*. at ¶ 73(a).) Similarly, DOC records analyst Cheryl Schexnayder testified that in the course of her job, she reviewed inmate sentences and found that they had been "done wrong" and that "the inmate was entitled to immediate release." (*Id*. at ¶ 73(c).) The Amended Complaint also alleges that in a grant application to the federal government, the DPSC disclosed that in 2017, it "had an average of 200 cases per month considered an 'immediate release'" due to its pattern of overdetention. (*See id*. at ¶ 91.)

Finally, Plaintiff alleges that LeBlanc championed the "Lean Sigma Six" review of the DPSC's inmate time calculation processes project. (*See id*. at ¶¶ 54–55.) This review project found that when the DPSC calculated the release date of inmates, 83% were eligible for immediate release due to an earlier release date. (*See id*. at ¶ 56; *see also id*. at ¶¶ 57–60.) Plaintiff alleges that despite being alerted to this problem, LeBlanc did not set of a goal of fixing it. (*Id*. at ¶¶ 61–65.) For example, in 2015, the DPSC tried an electronic record management system for a short period before ultimately going back "to its old 1990s era CAJUN system." (*Id*. at ¶ 69.) "As a result, the functional processes around the transmission of documents remain as antiquated as they were in 1996." (*Id*. at ¶ 70 (citations omitted); *see also id*. at ¶¶ 71–72.)

In sum, construing these allegations in a light most favorable to Plaintiff and drawing all reasonable inferences in his favor, the Court finds that a reasonable juror could conclude that LeBlanc implemented defective policies and training that lead to the over-detention of Plaintiff and others in violation of their due process rights. A reasonable juror could also find from the facts alleged in the Amended Complaint that LeBlanc was deliberately indifferent based on the long-standing pattern of sufficiently similar incidents described in the Amended Complaint. As a result, Plaintiff has satisfied the first prong of the qualified immunity analysis by alleging sufficient facts

15

to support the reasonable inference that LeBlanc, as a supervisory official, violated Plaintiff's federal and state due process rights.

Additionally, Defendants filed a supplemental memorandum in support of their motion, directing the Court to the Fifth Circuit's recent decisions in *Grant v. LeBlanc*, 21-30230, 2022 WL 301546 (5th Cir. Feb. 1, 2022), and *Hicks v. LeBlanc*, 832 F. App'x 836 (5th Cir. 2020). (*See* Doc. 106.) Defendants submit that the *Grant* opinion and its analysis regarding the deliberate indifference standard further supports their arguments that LeBlanc is entitled to qualified immunity on Plaintiff's Section 1983 claims. (*See id*.) Plaintiff, by contrast, contends that the Fifth Circuit's "non-precedential decision in *Grant* does not substantially change the legal framework regarding the motion before this Court" because the *Grant* case is distinguishable on its facts. (*See* Doc. 107.) The Court agrees with Plaintiff.

In *Grant*, the Fifth Circuit reversed the district court's denial of qualified immunity for LeBlanc on the plaintiff's federal and state due process claims. 2022 WL 301546, at *7. The Fifth Circuit found that, because the plaintiff failed to show that LeBlanc, in his individual capacity, violated the claimed due process rights by overdetention, LeBlanc was entitled to qualified immunity. *See id*. at *1. In applying the deliberate indifference standard to the plaintiff's claim, the Fifth Circuit explained:

> Moreover, Grant has not presented the requisite pattern of due-process violations similar to the one he asserts: DPSC's failing to timely release an individual, specifically as a result of *the Secretary's failure* to promulgate policy, or train subordinates, to prevent overdetention due to delayed delivery of the charging document. Again, as reflected above, the delay in receiving Grant's bill of information was caused by external entities—not by the Secretary.
>
> Along that line, Grant points to items in the summary-judgment record relied upon by the district court in concluding the Secretary was deliberately indifferent because he had notice of instances of DPSC's overdetention . . . .

16

Regarding the three items cited by Grant, the district court mainly relied upon a 2012 Six Sigma study of DPSC, a 2017 report by the Louisiana Legislative auditor, and a grant application DPSC submitted to the federal government in 2019, all referencing overdetention within DPSC. The first, however, examined DPSC's internal-release procedures, not policies of external offices. The latter two, as the Secretary notes correctly, are insufficient to establish deliberate indifference on the part of the Secretary. Both occurred after Grant's overdetention, and they fail to show, prior to Grant's overdetention, that the Secretary had knowledge of due-process violations of the type claimed by Grant . . . .

*Id*. at *6 (citations omitted).

The Court observes that the *Grant* case is distinguishable in several respects. First, in this case, unlike in *Grant*, the Legislative Auditor released the report before Plaintiff was incarcerated. (*See* Doc. 91 at ¶ 9.) Similarly, the grant application described in the Amended Complaint references instances of overdetention occurring in 2017 (*see id*. at ¶ 91), which is during the period Plaintiff was incarcerated. Further, the crux of the plaintiff's constitutional challenge in *Grant* "ultimately rest[ed] on the local sheriff's and clerk's offices' failure to deliver his bill of information to DPSC in a timely manner." *See* 2022 WL 301546, at *6. Whereas, here, Plaintiff objects to the widespread pattern of continuous errors made by DPSC and its employees; consequently, the 2012 Sigma Six examination of DPSC's internal-release procedures are significantly more pertinent to the Court's deliberate indifference analysis.

In *Hicks v. LeBlanc*, the other case cited in Defendants' supplemental memorandum (*see* Doc. 106 at 2, 6), the Fifth Circuit reversed the district court's judgment denying qualified immunity for LeBlanc, finding that he could not be held individually liable under Section 1983 for failing to promulgate adequate policies or failing to train and supervise employees based on a DOC employee's intentional sentencing miscalculation and over-detention of the plaintiff in violation of his due process rights. *See* 832 F. App'x 836, 838, 841–42. In reaching this conclusion, the Fifth Circuit observed:

22-30180.1007

> Whether LeBlanc acted with deliberate indifference is a close call. Hicks alleged that LeBlanc knew of the DPSC's long history of over-detaining inmates; that DPSC employees used different methods to calculate release dates; and that the DPSC had not disciplined employees who miscalculated sentences. However, the alleged facts—which included processing delays, data errors, inconsistent calculation methodologies, and unspecified deficiencies—speak to the incompetence of DPSC employees and the lack of adequate training and supervision. Based on these allegations, LeBlanc could be held liable for *incompetent* over-detention, such as the failure to process a prisoner's release or immediately compute an inmate's sentence after being sentenced to time served. But it cannot be said that LeBlanc had notice that his employees were purposely disregarding sentencing orders out of retaliatory intent. The complaint was devoid of allegations supporting the reasonable inference that a pattern of *intentional* over-detention existed in the DPSC; that is, the alleged facts suggest a pattern of over-detention caused by quality control deficiencies and the lack of training and supervision, not a pattern of over-detention stemming from the blatant refusal to credit offenders with time served contrary to sentencing orders. In the absence of such a pattern, LeBlanc could not have acted with deliberate indifference to [the DOC employee's] intentional sentencing miscalculation and over-detention of Hicks. Accordingly, the district court erred in denying LeBlanc's defense of qualified immunity.

*Id*. at 842 (citation omitted).

Here, the facts alleged in the Amended Complaint, accepted as true and viewed in the light most favorable to Plaintiff, support the reasonable inference that a pattern of over-detention existed at the DPSC that was caused by a lack of adequate policies, training, and supervision to ensure inmates were timely released from custody. Moreover, the Plaintiff's Amended Complaint includes numerous factual allegations detailing the scale of the DPSC's overdetention problem, including the findings of the Legislative Auditor's report, the Lean Sigma Six review project, the state court testimony by DOC employees, and so forth. Unlike in *Hicks*, these well-pleaded facts allow the Court to draw the reasonable inference that LeBlanc's continuous failures to implement policies amounted to an intentional choice, as opposed to mere negligent oversight. *See Rhyne v. Henderson Cnty.*, 973 F.2d 386, 392 (5th Cir. 1992) (citations omitted). Put differently, Plaintiff has plausibly alleged that LeBlanc acted with deliberate indifference to constitutional violations.

22-30180.1008

Having established that Plaintiff has met the first qualified-immunity prong, the Court turns to the second prong of the analysis: whether LeBlanc's actions were objectively unreasonable in light of clearly established law. *See Grant v. LeBlanc*, 2022 WL 301546, at *5 (5th Cir. Feb. 1, 2022) (citations omitted). "The Fourteenth Amendment Due Process Clause is violated where a prisoner remains incarcerated after the legal authority to hold him has expired." *Hicks*, 832 F. App'x 836, 840 (citation omitted). Further, "[a] prisoner's right to timely release was clearly established well before 2017," when the actions sued upon occurred. *See id.* at 841. As previously discussed, the allegations of Plaintiff's Amended Complaint describe numerous instances in which the DPSC's longstanding overdetention problem was publicly highlighted or brought to the DPSC's attention, such as the Legislative Auditor's report, the federal grant application, and the state court testimony. Again, the Court can reasonably infer from these allegations that LeBlanc's deliberate decision to allow defective policies and procedures to remain at DPSC—despite having notice of the substantial risk they posed to the constitutional rights of others—was objectively unreasonable in light of the clearly established law at the time. Accordingly, Defendants' motion to dismiss Plaintiff's Section 1983 claims against LeBlanc in his individual capacity based on qualified immunity is denied.

### F. Remaining State Law Claims Against DPSC

Defendants' motion seeks dismissal of Plaintiff's Amended Complaint in its entirety pursuant to Rule 12(b)(6) (*see* Doc. 93), including Plaintiff's state law claims against DPSC for violation of the Louisiana Constitution (Doc. 91 at ¶¶ 198–200), *respondeat superior* (*id*. at ¶¶ 233–34), and indemnification (*id*. at ¶¶ 235–37).

Regarding Plaintiff's claim arising under the Louisiana Constitution, DPSC suggests that it is entitled to qualified immunity on this claim because it is "indistinguishable from the due

22-30180.1009

process claim under the United States Constitution." (Doc. 93-1 at 15.)[1] The Court disagrees. Having determined that the allegations of the Amended Complaint are sufficient to overcome LeBlanc's assertion of qualified immunity as to Plaintiff's due process claim under the U.S. Constitution, it follows that Plaintiff's claim against DPSC for violation of his due process rights under the Louisiana Constitution survives dismissal based on qualified immunity as well. Accordingly, Defendants' motion as to this claim is denied.

Finally, Defendants' memorandum in support of their motion does not substantively address the merits of Plaintiff's *respondeat superior* and indemnification claims against DPSC. Therefore, Defendants' motion as to these claims is denied without prejudice because they have not made a sufficient legal showing to justify dismissal.

## IV.    Conclusion

Accordingly,

**IT IS ORDERED** that the *Motion to Dismiss Plaintiff's Second Amended Complaint* (Doc. 93) filed by Defendants DPSC, LeBlanc, and Collins is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** in that the following claims are **DISMISSED**: (1) Plaintiff's demand for declaratory relief; (2) Plaintiff's Section 1983 claims for monetary damages against LeBlanc in his official capacity; and (3) Plaintiff's state law claims for monetary damages against

---

[1] Defendants appear to offer an additional argument in support of dismissal on this issue: "Plaintiff's claim under the Louisiana Constitution is an alternative theory of recovery under Louisiana Law. All of plaintiff's alternative theories under Louisiana law are moot now that this Honorable Court has entered summary judgment on Plaintiff's false imprisonment claim." (Doc. 93-1 at 15 n.39.) Plaintiff's opposition failed to address this argument. Still, the Court notes that Defendants do not cite any law for the proposition that because this Court granted Plaintiff summary April 13, 2022 judgment on one Louisiana law claim, the others are now moot. Additionally, the Federal Rules of Civil Procedure permit plaintiffs to plead in the alternative. *See* Fed. R. Civ. P. 8(d)(2).

22-30180.1010

LeBlanc in his official capacity. In all other respects, the motion is **DENIED**.

Signed in Baton Rouge, Louisiana, on April 13, 2022.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

22-30180.1011



# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRIAN MCNEAL** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 18-736-JWD-EWD** |
| | * | |
| **LOUISIANA DEPARTMENT OF** | * | **JUDGE JOHN W. deGRAVELLES** |
| **PUBLIC SAFETY &** | * | |
| **CORRECTIONS, ET AL.** | * | **MAG. JUDGE ERIN WILDER-DOOMES** |

**************************************************************************

### *AMENDED* NOTICE OF APPEAL
### (re: 5th Circuit Civil Appeal No. 22-30180)

**PLEASE TAKE NOTICE:**

Defendant James M. LeBlanc hereby notifies this Court and all parties to this action that he is taking an appeal, to the United States Fifth Circuit Court of Appeals, from the *Order* issued by Judge deGravelles on March 31, 2022.  Rec. Doc. 108.[1]  Defendant LeBlanc further notifies this Court and all parties to this action that he is also taking an appeal, to the Fifth Circuit, from the *Ruling and Order* issued by Judge deGravelles on April 18, 2022. Rec. Doc. 110.

Respectfully Submitted on April 19, 2022,

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY:  *s/Phyllis E. Glazer* _____
**PHYLLIS E. GLAZER (#29878)** (Lead Counsel)
**ASSISTANT ATTORNEY GENERAL**
**Louisiana Department of Justice**
**Litigation Division, Civil Rights Section**
1885 North Third Street, 4th Floor
Post Office Box 94005 (70804-9005)
Baton Rouge, Louisiana 70802
Telephone:    225-326-6300
Facsimile:    225-326-6495
E-mail:    GlazerP@ag.louisiana.gov

---

[1] Defendant James LeBlanc filed a Notice of Appeal on April 12, 2022 (Rec. Doc. 109).  *McNeal v. LeBlanc*, Civil Appeal No. 22-30180, was lodged April 13, 2022, in the Fifth Circuit.   This Amended Notice of Appeal amends the April 12, 2022 Notice of Appeal.

**CERTIFICATE OF SERVICE**

I certify that on August 8, 2022, I filed the foregoing brief with the Court's CM/ECF system, which will automatically send an electronic notice of filing to all counsel of record.

/s/ *Shae McPhee*
Shae McPhee
Attorney for Appellant