

**State of Louisiana**
DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
P.O. BOX 94005
BATON ROUGE
70804-9005

Jeff Landry
Attorney General

February 10, 2023

<u>*By electronic submission*</u>
Lyle W. Cayce, Clerk
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

    Re:   *McNeal v. LeBlanc*, No. 22-30180, Response Rule 28(j) Letter

Dear Mr. Cayce,

    Earlier this week, Plaintiff-Appellee Brian McNeal filed a Rule 28(j) letter informing the Court that it had declined to rehear a case en banc—*Crittindon v. LeBlanc*, 37 F.4th 177 (5th Cir. 2022). But a denial of a rehearing petition has no precedential value and is not a "supplemental authority" for the purposes of Rule 28(j). *See Alpha/Omega Ins. Servs., Inc. v. Prudential Ins. Co. of Am.*, 272 F.3d 276, 281 (5th Cir. 2001) ("[T]he denial of a petition for rehearing can have no greater precedential effect than the denial of a petition for certiorari, which is to say none." (citation omitted)).

    In any event, McNeal's reliance on *Crittindon* is misplaced. In that case, the Court denied qualified immunity to Secretary LeBlanc and certain state employees because they allegedly failed to enact policies directing third parties to send release paperwork to state authorities in a timely fashion. *Crittindon*, 37 F.4th at 187–88. The Court also denied qualified immunity to other state employees who allegedly directly participated in the plaintiffs' overdetention by failing to release plaintiffs after receiving notice from plaintiffs' family members about the overdetention. *Id.* at 189.

    As Secretary LeBlanc explained in his opening brief and reply brief, *Crittindon* is distinguishable in several respects. *See* Blue Br. at 41; White Br. at 18. Unlike *Crittindon*, there are no "direct participation" claims in McNeal's case. Nor are there any issues involving a third party's failure to submit release paperwork to state authorities. Instead, he alleged that a state employee knew his release paperwork had been sent to the wrong state facility but inexplicably did nothing about it. McNeal failed to allege a pattern of other very similar constitutional violations.

Page 2
February 10, 2023
Rule 28(j) Supplemental Authority Letter

Importantly, *Crittindon* did not address any *Heck* issues—which were raised only by Judge Oldham in dissent. *Crittindon*, 37 F.4th at 190 ("The Supreme Court recently reminded us that our task is not to come up with arguments the parties should have made, but to decide the ones they make."). Here, Secretary LeBlanc has preserved and raised the *Heck* issue for this panel's consideration.

          JEFF LANDRY
          ATTORNEY GENERAL

          /s/ *Shae McPhee*
          Shae McPhee
          Deputy Solicitor General
          Counsel for Defendant-Appellant

Word Count: 347

cc:    Counsel for Plaintiff-Appellee (via ECF)