**MOST & ASSOCIATES**

201 St. Charles Ave.  
Ste. 114, #101  
New Orleans, LA 70170

(504) 509-5023  
mostlawoffice.com  
williammost@gmail.com

Lyle W. Cayce, Clerk of Court  
United States Court of Appeals for the Fifth Circuit  
600 S. Maestri Place  
New Orleans, LA 70130-3408  
*By Electronic Submission*

October 2, 2023

Re: *McNeal v. LeBlanc, et al.* Case No. 22-30180  
Rule 28(j) Supplemental Authority Letter

Dear Mr. Cayce,

Pursuant to Federal Rule of Appellate Procedure 28(j) and Circuit Rule 28.4, Plaintiff-Appellee Brian McNeal notifies this Court of the U.S. Supreme Court's denial of a writ of certiorari in *Crittindon v. LeBlanc,* 37 F.4th 177 (5th Cir. 2022).

In *Crittindon*, this Court addressed one of the key questions in the case at bar: whether the *Heck* doctrine bars an overdetention claim. This Court in *Crittindon* decided that *Heck* does not bar an overdetention claim.

In response, defendants petitioned for rehearing en banc. This Court rejected that request.

Defendants then petitioned for a writ of certiorari to the U.S. Supreme Court. On October 2, 2023, the Supreme Court denied that petition without calling for a response. *Cert. denied sub nom. LeBlanc v. Crittindon*, No. 22-1171, ___ U.S. ___ (Oct. 2, 2023).[1]

It is therefore settled law that *Heck* does not bar an overdetention claim. Defendants' petition for rehearing en banc in *McNeal v. LeBlanc* should be denied.

Sincerely,

*/s/ William Most*  
William Most

---

[1] Earlier this year, *Crittindon* was resolved by settlement shortly before trial. But because the logistics of that settlement took additional time to complete, the Supreme Court denied the petition for cert without calling for a response <u>before</u> the defendants took steps to withdraw it.